[No. 19164. Department One.—August 31, 1893.]

## A. W. BLUMBERG, APPELLANT, v. CULLUM BIRCH, RESPONDENT.

FORECLOSURE OF MORTGAGE — SERVICE OF SUMMONS BY PUBLICATION AGAINST NON-
RESIDENT MORTGAGOR — JURISDICTION — VOID JUDGMENT FOR DEFICIENCY.— In
an action to foreclose a mortgage, the court by constructive service of the sum-
mons by publication against a non-resident mortgagor, acquires jurisdiction to
ascertain the amount secured by the mortgage, and to make and enter a valid
decree of foreclosure directing a sale of the mortgaged property, and the appli-
cation of the proceeds to the payment of the amount secured, including costs
and expenses, but does not thereby acquire jurisdiction to enter or docket a
personal judgment against the mortgagor for any deficiency left unpaid by the
proceeds of the sale, and such personal judgment if entered and docketed is void.

ID. — ACTION FOR DEFICIENCY — SUBSISTING INDEBTEDNESS — MAXIM. — Though no
valid judgment can be entered for deficiency against a non-resident mortgagor,
the deficiency constitutes a subsisting indebtedness upon which an action may
be brought after the mortgage security has been exhausted by a foreclosure
sale, whether the action be viewed as based on the note upon which the pro-
ceeds of sale may be treated as a payment, or as on an indebtedness resulting
from the facts stated, the maxim ubi jus ibi remedium being applicable to the
case.

APPEAL from a judgment of the Superior Court of Ventura County.

The facts are stated in the opinion.

*H. L. Poplin*, for Appellant.

*Orr & Hall*, for Respondent.

BELCHER, C. — It is alleged in the amended complaint in this case that, on the thirteenth day of August, 1887, the defendant executed and delivered to the plaintiff his promissory note and a mortgage on certain real property to secure payment of the same; that on the 15th of December, 1890, the plaintiff commenced an action against the defendant in the superior court of Ventura County to foreclose the said mortgage, and that a summons in the action was issued and served on the defendant by publication only, he being then a non-resident of this state and absent therefrom; that defendant did not appear in the action, and, after the time allowed by law for him to appear and answer or demur, his default was duly entered by order of the court; that the court then heard proof of plaintiff's demand set out in his complaint, and examined him on oath respecting any payments that had been made on account

of such demand, and thereupon made and entered in the action
its decree of foreclosure in the usual form; that under this
decree, on March 27, 1891, an order of sale was duly issued to
the sheriff of the county and in pursuance thereof the sheriff
advertised for sale, and on April 27, 1891, sold the said real
property for the sum of $1,000 and applied the same to the
payment of the said indebtedness, interest, attorneys' fees, costs,
and expenses, as directed by said decree; that, after so applying
the said sum, there remained due and unpaid to the plaintiff, on
said indebtedness for principal and interest on the said note, and
as determined by said decree, the sum of $1,746.99; that the
sheriff's return being made showing such balance or deficiency,
judgment was duly docketed therefor in favor of the plaintiff
and against the defendant on April 28, 1891, and that no part
of said sum had been paid. Wherefore the plaintiff demands
judgment against the defendant for the sum of $1,746.99, with
interest thereon, etc.

The defendant demurred to the complaint upon the ground
that it did not state facts sufficient to constitute a cause of action,
and his demurrer was sustained. Judgment was thereupon en-
tered that the plaintiff take nothing, from which judgment he
appeals.

There can be no doubt that the court, by the constructive
service of the summons by publication in the foreclosure case,
acquired jurisdiction to ascertain the amount secured by the
mortgage and to make and enter a valid decree of foreclosure,
directing a sale of the mortgaged property and the application
of the proceeds to the payment of the amount so secured,
including costs and expenses. It did not, however, thereby
acquire jurisdiction to enter or docket a personal judgment
against the defendant for any deficiency left unpaid by the pro-
ceeds of the sale. (*Pennoyer* v. *Neff*, 95 U. S. 714; *Belcher* v.
*Chambers*, 53 Cal. 639; *Anderson* v. *Goff*, 72 Cal. 65; 1 Am.
St. Rep. 34.) But notwithstanding no valid judgment could
be entered for the deficiency, still, when properly ascertained,
the deficiency constituted a subsisting indebtedness then due
from the defendant to the plaintiff. The plaintiff brought this
action to recover that indebtedness, and in his complaint set out
all the facts on which he based his right of recovery, and the

defendant's contention is that no sufficient cause of action was stated, because,—1. The personal judgment set out was void; and 2. The note was merged in the foreclosure judgment, and under section 726 of the Code of Civil Procedure no new or other action could be maintained thereon.

It is true that the personal judgment docketed against the defendant was void, and also that under the section of the code cited there can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real or personal property. It does not follow, however, that after the mortgage security is exhausted, leaving a deficiency which is no longer secured, no new action on the note can ever be maintained. On the contrary, it has been held that an action may be maintained against an indorser of a note, payment of which has been secured by a mortgage given by the maker, to recover any deficiency resulting after a sale of the mortgaged premises under a judgment of foreclosure against the mortgagor. (*Vandewater* v. *McRae*, 27 Cal. 596; *Allin* v. *Williams*, 97 Cal. 403.) It seems to us, therefore, that in a case like this, the amount realized from the proceeds of the sale may properly be treated as a payment on the note, and that an action thereon may be maintained to recover the balance left unpaid. But however this may be, it is clear and not disputed that the defendant was justly indebted to the plaintiff in some form for the amount of the deficiency, and, being so indebted, the familiar maxim of the law that where there is a right there is a remedy, *ubi jus ibi remedium*, is applicable to the case.

Under our system of pleading, the complaint should contain a statement of the facts constituting the cause of action in ordinary and concise language, and the court may grant the plaintiff any relief consistent with the case made. (Code Civ. Proc., secs. 426, 580.) Here the complaint complies with the rule prescribed, and whether it be said to be based on the note or on an indebtedness resulting from the facts stated is, in our opinion, immaterial. In either view it states facts sufficient to constitute a cause of action, and the demurrer was therefore improperly sustained.

We advise that the judgment be reversed and the cause re-

manded with directions to the court below to overrule the demurrer.

TEMPLE, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed and the cause remanded with directions to the court below to overrule the demurrer.

HARRISON, J., GAROUTTE, J., McFARLAND, J.