[No. 15456. Department One.—April 25, 1894.]

C. N. FELTON, RESPONDENT, v. R. A. WEST ET AL., APPELLANTS.

ACTION FOR DEBT SECURED BY MORTGAGE—SITUATION OF PROPERTY—CONSTRUCTION OF CODE.—The provision of section 726 of the Code of Civil Procedure, that there can be but one action for the recovery of a debt secured by mortgage, refers to actions brought in the courts of California for the purpose of foreclosing mortgages upon property situated in the state of California, and does not preclude an action to recover a debt against a resident of this state, although the debt is secured by a mortgage upon property situated in another state.

ID.—FORECLOSURE IN ANOTHER STATE—PERSONAL ACTION UPON NOTE—WAIVER.—Where a mortgage has been foreclosed in another state,

where the mortgaged property is situated, and the proceeds of the mortgaged property had been credited upon the note, without any judgment for a deficiency, service having been had in the foreclosure suit by publication only, the creditor may bring an action in this state upon the note for the balance due thereon; and such compulsory foreclosure in another state cannot result in a waiver of any right upon his part to bring such personal action against the maker of the note residing in this state.

ID.—STATUTORY CONSTRUCTION—OBJECT OF STATUTE—JUSTICE.—If a statute is ambiguous or doubtful, or susceptible of different constructions or interpretations, then such liberality of construction is justified as, within a fair interpretation of its language, will effect its apparent object and promote justice.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*Reddy, Campbell & Metson,* for Appellants.

*Horace G. Platt,* for Respondent.

GAROUTTE, J.—The appellants, on May 16, 1893, executed and delivered to the respondent their promissory note for the sum of ninety thousand eight hundred and sixty dollars and twenty-six cents. This note was dated, delivered, and made payable in San Francisco. It was secured by a mortgage upon lands situated in the state of Oregon. The appellants made two payments thereon, and then defaulted. Respondent thereupon began suit in the proper court in Oregon to foreclose the said mortgage. He was unable to, and did not, obtain personal service of the summons in such action upon appellants, as they were residents of California, and could not be found in the state of Oregon; service was, therefore, had upon them by publication only. This mode of service appeared upon the face of the record in said suit, and a judgment in the usual form of foreclosure was made and entered therein, decreeing a sale of the mortgaged property to satisfy the indebtedness. Under this judgment the property was sold for about thirty-two thousand dollars, and the amount was credited upon the note. There

was no judgment for a deficiency. The respondent then began this action in the state of California upon the note for the balance due, to wit, the sum of about forty-four thousand dollars. This is an appeal from a judgment rendered in favor of plaintiff Felton.

There is no dispute but that this is an action for the recovery of a debt secured by mortgage, nor is there any dispute about the fact of there having been a former action in the courts of Oregon to recover for this identical debt, and under section 726 of the Code of Civil Procedure appellants contend that the action cannot be maintained unless the plain and unambiguous language of that section of the code is disregarded. Respondent insists, notwithstanding said section, that under certain circumstances there can be two or more actions brought to recover a debt secured by mortgage. It will thus appear that the sole and only question presented upon this appeal is, under the circumstances above set forth, may a second action be maintained on the note which was secured by the mortgage? And this interrogatory necessitates a consideration of the aforesaid section of the Code of Civil Procedure upon which appellants rest the merits of their appeal. The section reads as follows: " There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter. In such action the court may, by its judgment, direct a sale of the encumbered property (or so much thereof as may be necessary), and the application of the proceeds of the sale to the payment of the costs of the court, and the expenses of the sale, and the amount due to the plaintiff; and if it appear from the sheriff's return that the proceeds are insufficient, and a balance still remains due, judgment can then be docketed for such balance against the defendant or defendants personally liable for the debt, and it becomes a lien on the real estate of such judgment debtor, as in other cases in which execution may be issued."

Formerly the law allowed an action upon a promissory note, and also a suit in equity to foreclose the mortgage given to secure the note. The mischief in such a practice lay in the multiplicity of suits, and the harassing of the debtor by two actions, when the creditor could readily enforce all his rights in one. A remedy for this evil was provided by section 726 of the code, whereby the creditor was allowed to foreclose his mortgage and have a personal judgment for any deficiency in the same action. This court has construed this law so as to suppress the mischief and advance the remedy by compelling the creditor to exhaust his security before proceeding personally against the debtor. But we think it evident, from an examination of the statute, that the section quoted has no application to the case at bar. To deprive this respondent of a right of action, under such a construction of the statute, would be to permit and justify a grave injustice. This we are not prepared to do, if the statute is reasonably susceptible of any other construction. The rule is well settled in this state, and most probably in all other states, that if a statute is ambiguous or doubtful, or susceptible of different constructions or interpretations, then such liberality of construction is justified as within a fair interpretation of its language will effect its apparent object and promote justice. Appellants' construction of the statute would not promote justice, but injustice; neither would the statute's apparent object be effected thereby. Such a construction would result in the gravest injustice, for respondent, a resident of California, would thus have no remedy in California courts against a defendant also a resident of California, upon a matured promissory note made and payable in this state. He could not bring an action here to foreclose the mortgage, for the security is situated in another state. He could not bring a personal action at law upon the note only, for our courts would not allow him to waive his security. Neither could the object and intent of the legislature in enacting this statute be effected in this case by such a

construction; for one action, either in Oregon or California, could not be made sufficient to secure all of respondent's rights.

The circumstances of this case take it completely without the purview of the section. This section only refers to actions for the recovery of a debt secured by a mortgage upon property situated in the *state of California.* The context clearly evidences that fact. All the provisions of the section entirely negative the idea of any other construction. We cannot assume that the authors of this legislation attempted to establish a procedure for the foreclosure of mortgages upon realty situated in other states. The action referred to in this section is an action of foreclosure upon real or personal property which of necessity would have to be situated in the state of California, for an action of foreclosure could be brought in no other place. This action must be brought "in accordance with the provisions" of a certain chapter of the Code of Civil Procedure. The section contemplates and provides for the docketing of a deficiency judgment, and declares that such deficiency judgment becomes a lien upon the defendant's real estate. The succeeding sections of the chapter enter more fully into details as to the results and consequences flowing from the judgment rendered in such an action. It is hardly necessary to say that the action for the foreclosure of this mortgage, brought in the state of Oregon, was not the action referred to in this section of the Code of Civil Procedure, nor was that action brought under any of the provisions of our code. This section refers to actions brought in the courts of California for the purpose of foreclosing mortgages upon property situated in the state of California.

It is claimed that the case of *Ould* v. *Stoddard,* 54 Cal. 613, is opposed to the foregoing views. If it be opposed to those views, it has been supplanted as an authority by the recent case of *Blumberg* v. *Birch,* 99 Cal. 416, 37 Am. St. Rep. 167, a case which seems completely to dispose of appellants' contention as to the true construc-

tion of section 726 of the code. But in order for this court to affirm the present judgment it is not necessary to overrule *Ould* v. *Stoddard.* In that case plaintiff brought his action in the state of Ohio to recover a personal judgment upon the note. Having recovered his judgment he was unable to realize upon it, and thereupon brought an action in the state of California to foreclose his mortgage. It might in good reason be held by a court in this state, under the practice laid down in the code, that having a choice of actions, one in Ohio and one in California, by making his choice of a personal action in Ohio he thereby waived his right of action to foreclose in this state. But this plaintiff occupied no such happy position. In bringing his action he was not free to choose between Oregon and California. He had no standing whatever in the courts of California. He was compelled to go to Oregon to bring his action. By bringing his action in the only place where he could possibly bring it, it cannot be said that such act resulted in a waiver of any rights upon his part.

Upon the authority of *Blumberg* v. *Birch,* 99 Cal. 416, 37 Am. St. Rep. 67, we think the judgment rendered in this case should stand, and, in the absence of authority, sound reason and common justice demand an affirmance of the judgment.

It is so ordered.

PATERSON, J., and HARRISON, J., concurred.