## CHAPMAN v. PENNIE.

### No. 15,520; February 5, 1895.

#### 39 Pac. 14.

**Foreclosure—Deficiency Judgment—Action Against Administrator.**—An action cannot be maintained against an administrator for a deficiency judgment on foreclosure, where the decedent, the mortgagor, was a nonresident at the time of commencement of the action to foreclose, remained away from the state until after the sale thereunder, and never appeared in the action.

**Bankruptcy.**—On the Same Day That a Discharge in bankruptcy was granted to B., the maker of a note and mortgage, "from all debts and claims which are made provable against his estate," a stipulation was entered into between B. and C., the owner of the note, whereby it was agreed that the interest should be reduced, that the note should be extended, and that proceedings to enforce its payment should be dismissed. Held, that, as it did not appear that the agreement to pay the note was made after the discharge, the parties did not intend to make a new contract on which the bankrupt could be held, but only to extend the time and reduce the interest of the note and mortgage.[1]

APPEAL from Superior Court, City and County of San Francisco; Wm. T. Wallace, Judge.

Action brought by E. W. Chapman against James C. Pennie, administrator of the estate of John Bensley, deceased, to compel him to pay a deficiency judgment on the mortgage note of his decedent. Judgment rendered for defendant. Plaintiff appeals. Affirmed.

T. M. Osmont for appellant; Naphtaly, Friedenreich & Ackerman for respondent.

PER CURIAM.—The deceased, John Bensley, made his promissory note to the Nevada Bank of San Francisco, November 24, 1875, for the sum of $80,000, payable one year thereafter at the rate of one and one-fourth per cent per month, and to secure the same executed to the Nevada Bank

---

[1] Cited in the note in 135 Am. St. Rep. 386, on revival of debt discharged in bankruptcy.

a mortgage upon certain real estate in the city and county of San Francisco. January 19, 1881, the Nevada Bank commenced an action upon the promissory note against Bensley and others for the foreclosure of the mortgage given as security for the payment therefor. Bensley was absent from the state, and service upon him was had by the publication of summons. Judgment was rendered in that action, January 5, 1882, for the foreclosure of the mortgage and the sale of the premises, and providing that in case of a deficiency in the proceeds of the sale the judgment for such deficiency should be docketed against the defendant, Bensley. Under this judgment an order of sale was issued to the sheriff of the city and county of San Francisco; and on the 10th of August, 1882, he returned the order of sale, from which it appeared that, after applying the proceeds of the sale upon the judgment, there was a deficiency of $37,721.51. Judgment for this deficiency was then docketed by the clerk against Bensley. December 10, 1889, the Nevada Bank assigned the said promissory note to T. M. Osmont, and on the 21st of May, 1890, Osmont assigned the same to the plaintiff. The plaintiff has brought this action upon the aforesaid promissory note, setting forth in his complaint that the sum of $37,721.51, with interest, is unpaid thereon, and alleging that on the 26th of May, 1890, he presented his claim for the said deficiency to the defendant, as the administrator of Bensley's estate, for allowance, and that it was by him rejected. Judgment was rendered for the defendant in the court below, and the plaintiff has appealed directly therefrom upon the judgment-roll alone, without any statement or bill of exceptions.

In his brief herein counsel for appellant states: ''The sole question involved in the case—assuming that such defense may be made without pleading—is whether an action can be maintained against an administrator for a deficiency arising upon the sale of mortgaged premises pursuant to a decree of foreclosure against the decedent in his lifetime, in a case where the decedent, the mortgagor, was a nonresident of this state at the time of the commencement of the action to foreclose, remained absent from the state until after the foreclosure and sale thereunder, and until his death, and never appeared in the action, no jurisdiction having been acquired

except by publication of summons." This precise question was determined in accordance with the contention of appellant in Blumberg v. Birch, 99 Cal. 416, 37 Am. St. Rep. 67, 34 Pac. 102, and in the more recent case of Felton v. West, 102 Cal. 266, 36 Pac. 676, both of which decisions were, however, rendered after the appeal had been taken in the present case. February 27, 1877, Bensley was adjudged a bankrupt by the district court of the United States for the district of California, and on March 20, 1878, that court rendered its judgment granting Bensley a discharge in bankruptcy, by which it ordered that he be "forever discharged from all debts and claims which are made provable against his estate, and which existed on the fifth day of February, 1877, on which day the petition for adjudication was filed against him, excepting such debts, if any, as are by law exempted from the operation of a discharge in bankruptcy." The note in the present action was provable against Bensley's estate, and by the terms of the decree he was discharged therefrom. Counsel for appellant in his brief contends that this decree is not available by reason of the fact that his discharge was based upon an agreement reserving the creditors' rights against him. The decree itself is, however, absolute and without limitation. We cannot in this action look into the agreement for the purpose of determining whether the decree is in accordance with that agreement. If for any reason the decree is other than should have been rendered, the parties affected thereby should have applied for its correction to the court which pronounced it. Upon a collateral attack we can only look at the language in which it is expressed. It is not impossible that the agreement referred to, and which was made in July, 1877, was vacated and annulled by the parties themselves prior to the entry of the decree of discharge. For the purpose of sustaining the action of the court we are to so hold, if necessary.

It is contended, however, that if it must be held that Bensley was released from his liability on this note by the discharge in bankruptcy, yet he is liable for the debt under the agreement made March 20, 1878. The agreement, as averred and found, is as follows: "That on the 20th day of March, 1878, the said John Bensley and the said James Coffin, while the said Coffin was the owner and holder of said promissory

note, entered into an agreement in writing by which it is covenanted and agreed that the interest of said promissory note should be reduced to eight (8) per cent per annum, and that said interest should be punctually paid, and that the time of the payment of said promissory note should be extended to the 1st day of November, 1880, and that said note should be punctually paid; and, furthermore, that said certain proceedings theretofore instituted by the said James Coffin to enforce the payment of said promissory note should be dismissed, which said proceedings were accordingly dismissed.'' It is plain, we think, that this stipulation was not understood or intended by the parties to have the effect now claimed for it. The note was secured by a mortgage, and no one supposed that as to the security the debt was discharged by the proceedings in bankruptcy. The parties believed the debt preserved by the previous agreement. The motive of Bensley doubtless was to procure time to pay off and discharge the mortgage, and the agreement could have had no other purpose than to afford Bensley this privilege. It does not appear that it was made after the discharge. It bears the same date. As it was shown that the debt had been discharged, it was incumbent upon the plaintiff to show that the bankrupt had agreed, after the discharge, to pay the debt, and the action should have been based on the new agreement. The parties did not intend to make a new contract which should supersede the note and mortgage. It merely extended the time and reduced the interest stipulated in the note and mortgage. The judgment is affirmed.