## BOUCOFSKI et al. v. JACOBSEN et al.

No. 1940.   Decided June 12, 1909 (104 Pac. 117.)

1. APPEAL AND ERROR—TIME TO APPEAL—COMPUTATION—RETROACTIVE OPERATION OF STATUTES. The general rule that a judgment may not be affected by a statute passed after its entry does not apply to statutes affecting procedure or practice, so that. Rev. St. 1898, section 3168, as amended by Laws 1907, p. 228, c. 150, effective March 25, 1907, authorizing additional findings and conclusions of law after entry of judgment, would apply to a judgment originally entered on March 16th, so as to make the time for appealing from the judgment run from September 21st, when the additional findings were made; the action being still pending when the amendment became effective, by virtue of section 3490, providing that an action is deemed pending from its commencement until its final determination upon appeal, or until time for appeal has passed. (Page 171.)

2. APPEAL AND ERROR—RIGHT OF APPEAL—NATURE OF RIGHT. The right to appeal is a constitutional and valuable right, and should not be denied, unless it clearly does not exist or has been lost or abandoned. (Page 172.)

3. LIMITATION OF ACTIONS—ACTION TO FORECLOSE—JUNIOR MORTGA-
GEE. One claiming title to, or an interest in, or a lien on, realty
may invoke the statute of limitations as against a prior claim-
ant, when the latter's claim has been barred by limitations.[1]
(Page 174.)

4. LIMITATION OF ACTIONS—OPERATION OF BAR—PERSONS TO WHOM
AVAILABLE—ACTION TO FORECLOSE—EXTENSION. Extension of
time of payment by receipt of part payment, or accepting a
new promise by the first mortgagee, will not revive the debt or
extend time of payment without a junior claimant's consent, so
as to prevent him from interposing the statute of limitations,
if such extensions are made after he has acquired his interest
in the property, of which the first mortgagee has actual or
constructive notice, and the full period of limitations has lapsed
since he acquired his interest. (Page 177.)

5. MORTGAGES—ACTION TO FORECLOSE—REMEDIES IN REM AND IN
PERSONAM. Under Comp. Laws 1907, section 3498, permitting
only one action to enforce any rights secured by mortgage, when
judgment shall be given adjudging the amount due and the sale
of the property, and section 3499 permitting a general execution
to issue against the debtor only after sale of the mortgaged
property, there is no personal liability by the mortgagor, unless
there is a deficiency after sale, so that an action to foreclose
is essentially *in rem*, and personal service is not necessary ex-
cept to support a judgment for any deficiency after sale, but,
even in absence of personal service, the amount of the deficiency
remains a subsisting debt of the mortgagor which may be sued
for by the mortgagee.[2] (Page 178.)

6. LIMITATION OF ACTIONS—COMPUTATION OF TIME—SUSPENSION—
ABSENCE FROM STATE—EFFECT ON JUNIOR MORTGAGEE'S CLAIM.
Since an action to foreclose a mortgage is under the statutes
essentially one *in rem*, in which personal service is not neces-
sary except to support judgment for a deficiency after sale, and
since such deficiency may be sued for as a personal debt of the
mortgagor, the mortgagor's absence from the state would not
extend the period of limitations in favor of a first mortgagee,
so as to prevent a junior mortgagee from interposing the statute
of limitations against the senior mortgage. (Page 178.)

7. LIMITATION OF ACTIONS—ACTION TO FORECLOSE MORTGAGE—LIMI-
TATIONS—RIGHT OF JUNIOR MORTGAGEE. A junior mortgagee may
interpose the statute of limitations to bar a prior mortgagee's
claim to the full extent of his own interest in the mortgaged
property, so that if the junior mortgagee afterward acquires

1 Graves v. Seifred, 31 Utah 203, 87 Pac. 674.
2 Bacon v. Raybould, 4 Utah 357-361, 10 Pac. 481, 11 Pac. 510.

the title, he may wholly bar the enforcement of the first mortgage, but if he only has a lien, and the title is outstanding, and the first mortgagee's claim is not barred as against the mortgagor, the junior mortgagee may only set up the statute to postpone the first claim to his own; any surplus remaining after satisfaction of the junior lien going to the first mortgagee. (Page 179.)

8. LIMITATION OF ACTIONS—ACTION TO FORECLOSE MORTGAGE—LIMITATIONS—TIME OF RUNNING. Where the interest of a junior mortgagee is acquired before the debt secured by a first mortgage has matured, the statute of limitations began to run in favor of the junior mortgagee from the time the right of action of the senior claimant against the mortgagor accrues. (Page 180.)

9. MORTGAGES — ACTION TO FORECLOSE — PERSONAL JUDGMENT — EXHAUSTION OF PROPERTY — NECESSITY. Under the statute, the mortgaged property constitutes a primary fund to which the mortgagee must resort, and he can have no personal judgment against the mortgagor until it is exhausted. (Page 182.)

10. MORTGAGES—ACTION TO FORECLOSE—PARTIES—JUNIOR MORTGAGEE. In an action to foreclose a prior mortgage, a subsequent mortgagee or claimant is a necessary party; he being entitled to set up any legal or equitable defense to protect his interest. (Page 182.)

11. JUDGMENT—BAR—PERSONS BARRED. As a general rule, one's rights in the subject of an action cannot be affected by a judgment to which he was not a party. (Page 184.)

12. LIMITATION OF ACTIONS—ACTION TO FORECLOSE MORTGAGE—LIMITATIONS. In an action to foreclose by a first mortgagee, in which a junior mortgagee, who had also acquired a tax deed to the mortgaged property, pleaded the statute of limitations to postpone plaintiff's claim to his own, plaintiff could attack the validity of the tax deed if the action was begun before the statute had fully run in favor of defendant's interest in the mortgaged property. (Page 185.)

13. LIMITATION OF ACTIONS—ACTION TO FORECLOSE MORTGAGE—LIMITATIONS. A junior mortgagee could at any time acquire title from the mortgagor without the prior mortgagee's consent; and, if acquired either by grant or by tax deed after limitations had run in favor of the junior claimant's interest, or if the statute had fully run since such interest was acquired, the latter could plead the statute of limitations to protect his whole title as against the prior claimant, and not merely to postpone the senior mortgage to the lien, so that the junior claimant, by having title based on a tax deed quieted in himself in an action

against the mortgagor, could plead the statute to prevent the enforcement of the prior mortgage at all, though the prior claimant was not a party to the suit to quiet title. (Page 185.)

14. LIMITATION OF ACTIONS—ACTION TO FORECLOSE MORTGAGE—LIMITATIONS. While the running of limitations as against a subsequent claimant was not suspended by the mortgagor's absence from the state, it was suspended as between the prior mortgagee and the mortgagor. (Page 185.)

APPEAL from District Court, Third District; *Hon. C. W. Morse,* Judge.

Action by Selina Nixon Boucofski and others against Esther Cohen Jacobsen and others.

Judgment denying foreclosure and a personal judgment against the defendant named.

Plaintiffs appeal.

REMANDED, with directions to enter judgment against defendant named, and AFFIRMED as modified.

*Allan T. Sanford* for appellants.

*C. S. Patterson* for respondents.

APPELLANTS' POINTS.

The right of appeal is given only from final judgment. (Article 8, section 9, Constitution, Utah, section 3300 Revised Statutes.) "Final judgment means judgment terminating the litigation between the parties in the court rendering it, and when a motion for new trial is duly made within the period presented by law, the judgment becomes final for the purpose of an appeal when it is overruled." (*Bear River Orchard Company v. Hanly,* 15 Utah 265; *Watson v. Newberry,* 15 Utah 506, 50 Pac. Rep. 611, 49 Pac. Rep. 479.) The motion to modify the findings must

be considered the same as a motion for new trial, and the time for appeal on a motion for a new trial does not begin to run until decided, and the six months is from that date. (*Eastman v. Gurrey,* 14 Utah 169, and cases cited, page 63, under annotation of section 9, article 8, Constitution.) Independent of the statute the court has the right to correct the findings to make them conform to the facts. (*Hayes v. Witherbee,* 60 Cal. 399; Hayne New Trial and Appeal, 745; *Hayes v. Laviginino,* 17 Utah 185; *Lynch v. Coviglio,* 17 Utah 106.) Where a judgment is modified as the result of a motion made in the court, the time for appeal begins to run from the entry of the modified judgment. (2 Ency. Pl. & Pr. 255; *Billson v. Lardner,* 69 N. W. 477; *Hages v. Silver & Co.,* 68 Pac. Rep. 704, 136 Cal. 238; *Mum v. Haley,* 45 Cal. 63; *Bixby v. Bent,* 59 Cal. 532; *Spencer v. Tonitt,* 65 Pac. Rep. 1083, 133 Cal. 605; *In re Porter's Estate,* 74 Pac. 986; *Wake v. Thomas,* 78 Conn. 15, 60 A. Rep. 689; *Johnson v. Foreman,* 56 N. E. 254 [Ind.].) To permit the holder of a lien to bar absolutely the right of another lien holder is a gross injustice and the authorities do not permit it. (*De Voe v. Runkle,* 74 Pac. Rep. 836; *Brandestine v. Johnson,* 73 Pac. Rep. 744; *Frates v. Sears,* 77 Pac. Rep. 905.) It is rather a novel doctrine that one who has a first mortgage must keep on the lookout as to who acquires an interest in the property, and that no duty is imposed on those acquiring the interest to notify the first mortgagor. Such doctrine is opposed by the following authorities: *First National Bank v. Woodman,* 96 Iowa 668, 62 N. W. 28; *Kernat v. Porterfield,* 56 Iowa 412, 9 N. W. 322; *Rickly v. Sinclair,* 167 Ill. 184, 47 N. E. 364; 9 Ency. Law (2 Ed.), 314. It is almost universally held that an extension made while the mortgagor owns the premises, is good as against subsequent purchasers. (*Heger v. Pruyn,* 7 Paige 465, 34 Am. Dec. 355; *Hough v. Bailey,* 32 Conn. 288; *Carson v. Cochran,* 52 Minn. 67, 53 N. W. 1130; 19 Ency. L. [2 Ed.], 315, and authorities cited.)

FRICK, J.

This case was heard and submitted at a former term of this court, and on November 1, 1908, we filed an opinion in the case by which the judgment refusing a foreclosure of appellant's mortgage was affirmed and the judgment in favor of respondent Jacobsen reversed. A petition for a rehearing was filed by the appellants. Upon a consideration thereof we entertained some doubts as to the correctness of our conclusions, and granted a rehearing. The case was again argued by respective counsel at the last term of this court. After reargument we have become convinced that the views expressed by us in the former opinion should be modified in some respects, and for that reason, and to avoid confusion, that opinion will not be published, but this opinion will stand and be published as the decision of the cause.

Before proceeding to the merits we are required to pass upon a motion to dismiss the appeal, upon the alleged ground that it was not taken within six months from the entry of judgment. The facts disclosed by the record upon which the motion to dismiss is based are, in substance, as follows: The action is one to foreclose a mortgage. The court made and filed findings of fact and conclusions of law, and entered judgment thereon on March 16, 1907. Thereafter, on the 8th day of June, 1907, appellants moved the court to make additional findings of fact and conclusions of law in accordance with the facts requested to be found. The court entertained the motion of appellants, but held the matter under advisement until September 21, 1907, when it allowed the additional facts and made them a part of the findings in the case, but refused to allow the additional conclusions of law. No motion for a new trial was made in the court below. The notice of appeal was served and filed on March 8, 1908. It is contended by respondent Salt Lake Investment Company that, in the absence of a motion for a new trial, the judgment became and remained final from the date of its entry, to-wit, March 16, 1907, and, as the appeal was not taken within six months from that date, the appeal is of no effect, and should be dismissed. Upon the other hand, ap-

pellants' counsel insists that pending the motion for additional findings and conclusions of law the judgment was not final for the purposes of an appeal, and that it did not become so until the court either allowed or disallowed the additional findings and conclusions of law. It is contended that, while the question whether additional findings and conclusions of law should be made or not was pending, the judgment was subject to be changed by the court, and hence not a final nor an appealable judgment. Respondent's counsel answers his contention by the assertion that the court had no authority to entertain the motion, nor to allow or make additional findings of fact or conclusions of law after the entry of judgment, and therefore the judgment was final, notwithstanding the pendency of the motion of appellants. Section 3168, Rev. St. 1898, was amended by chapter 150, p. 228, Laws 1907, which amendment expressly authorized the trial court to do just what was done in this case. While counsel for respondents does not question the court's authority to make additional findings of fact and conclusions of law as provided by the amendment referred to, he insists that the amendment cannot be applied to this case for the reason that the original judgment was entered on March 16, 1907, while the amendment did not go into effect until March 25th of the same year. Waiving the question as to whether the court had the inherent power to entertain a motion for additional findings of fact and conclusions of law after the entry of the judgment during the term at which it was entered, or while the action remained pending in that court as hereafter stated, we have no doubt the court had the power to entertain the motion in this case in view of the amendment referred to. While it is true that a party's rights in a judgment, as a general rule, may not be affected by legislative acts passed or which become effective after the entry of judgment, the rule does not apply to laws which are merely remedial, and which only affect matters of procedure or practice. The amendment in no way affected respondents' rights in the judgment. The only way that respondents were affected was by extend-

ing the right of appeal to appellants while the motion to amend the findings and conclusions was pending. The legislature, within proper limits, might have extended this right directly. In any event, the amendment related to a matter of procedure merely, and this would apply to all pending actions unless limited to future actions. In 1 Lewis' Suth. Stat. Const. section 674, the author says: "Where a new statute deals with procedure only, *prima facie,* it applies to all actions—those which have accrued or are pending, and to future actions." Further on in the same section it is said: "A remedy may be provided for existing rights, a new remedy added to or substituted for those which exist. Every case must, to a considerable extent, depend on its own circumstances. General words in remedial statutes may be applied to past transactions and pending cases, according to all indications of legislative intent, and this may be greatly influenced by considerations of convenience, reasonableness and justice." In section 686 of the same volume it is said: "Statutes enacted to promote and facilitate the administration of justice are prominent in the category of remedial statutes." Section 3490, Comp. Laws 1907, provides: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied." This action was therefore pending when the act amending section 3168 went into effect; and, as such amendment pertained merely to a matter of procedure, we are clearly of the opinion that the amendment applied to this as well as to all other pending actions. Moreover, the right to an appeal is a constitutional, as well as a valuable right, and ought not to be denied except where it is clear the right does not exist, or has been lost or abandoned. The motion to dismiss the appeal is therefore denied.

In proceeding to the merits it will be necessary to refer to the pleadings and findings. The action was commenced July 14, 1905, and the appellants, in substance, alleged in their complaint that on September 5, 1894, the defendant

Esther Cohen Jacobsen, executed and delivered her promissory note for $612 payable in one year to the order of Lewis P. Kelsey and James K. Gillespie; that to secure the payment thereof the maker made and delivered to the payees a mortgage upon certain permises in Salt Lake City; that appellants are the owners of said note and mortgage; that shortly after said note matured the payer, Esther Cohen Jacobsen, departed from the state of Utah, and remained a nonresident thereof and absent therefrom continuously for a period of five years; that no part of said note was paid; that the respondent Salt Lake Investment Company claims some rights to or interest in the mortgaged premises, but that its right or claim is junior and inferior to appellants' right. Appellants prayed for judgment for the amount of the note with interest, and for a foreclosure of the mortgage and a sale of the mortgaged premises. Personal service was had upon all the defendants, and all of them appeared by filing a joint answer, but the Salt Lake Investment Company (hereafter styled respondent) alone seems to have appeared at the trial and defended the action. The joint answer, after making certain admissions, set forth the following defenses: (1) That the appellants were not the owners of the note in question; (2) that the premises had been sold for taxes, and that respondent had acquired a tax deed for the same; (3) that the action was barred by virtue of subdivision 2, section 2875, Rev. St. 1898, which provides that an action upon an instrument in writing must be commenced within six years after the cause of action accrues; and (4) that on the 5th day of July, 1905, in an action theretofore commenced and pending in Salt Lake County against said Esther Cohen Jacobsen, the respondent obtained a judgment and decree by which the title to said premises, as against said Esther Cohen Jacobsen, was quieted in respondent. Appellants filed a reply in which the affirmative allegations of the answer are denied. The court, in substance, found that the note and mortgage were executed and delivered as alleged; that appellants are the owners thereof; that no payments had been made thereon; that the payer,

Esther Cohen Jacobsen, shortly after said note became due, in the fall of 1895, removed from the state of Utah, and has since such removal been a nonresident thereof, and for more than five years was absent therefrom; that on the 25th day of February, 1897, the respondent obtained a tax deed for said premises for delinquent taxes for the year 1894, and that on July 5, 1905, in an action theretofore commenced and pending in Salt Lake county, Utah, wherein respondent was plaintiff and said Esther Cohen Jacobsen, the maker of said note, was defendant, the respondent obtained a decree quieting the title to said mortgaged premises in respondent as against said Esther Cohen Jacobsen. As a conclusion of law the court found that the action was barred generally, and entered judgment in favor of respondent and against all of the appellants for costs, and refused to enter a judgment of foreclosure, and also refused a personal judgment against said Esther Cohen Jacobsen upon said note, from which judgment this appeal is prosecuted.

Appellants have assigned numerous errors, but rely principally upon the following: (1) That the court erred in not finding as conclusions of law that the plaintiffs were entitled to a decree of foreclosure; (2) that they were entitled to a personal judgment against Esther Cohen Jacobsen for the amount due on the note; and (3) that the court erred in its conclusions of law in holding the action barred generally, and further, that the court erred in entering judgment in favor of respondents and against the appellants, and in not entering judgment in accordance with the requested conclusions of law as indicated above.

Referring to the last assignment first, we remark that this court is committed to the doctrine that any person who claims title to, or an interest in, or a lien upon, **3** any real estate may invoke the aid of the statute of limitations as against a claimant whose claim is prior in time to the person invoking the aid of the statute, when the prior claim has been barred by the statute of limitations. (*Graves v. Seifred,* 31 Utah 203, 87 Pac. 674.) Counsel for appellants contends that the decision just referred to goes too

far in that it permits a junior claimant to invoke the aid
of the statute so as to defeat the action against a debtor in
a case where the running of the statute has been suspended
against him by reason of his absence from the state.    The
view contended for by counsel seems to be the view that was
taken by the trial court, and hence a judgment was denied
as against the debtor upon the sole ground that the action
was barred, not only as against respondent's claim, but like-
wise as against the debtor, although the court found that
the original debtor had been a nonresident of and absent
from the state ever since the cause of action had accrued.
It was not held in *Graves v. Seifred, supra,* that because an
action is barred in favor of a junior claimant, it is likewise
barred in favor of a debtor.    This question was not pre-
sented in that case, and hence not decided. Indeed, on page
212 of 31 Utah, page 676 of 87 Pac., Mr. Justice Straup,
in referring to the bar of the statute so far as it affected the
note, said: "It may be assumed that the action, on the face
of the note, is not barred."    If the action was not barred
as against the note, which was only evidence of the debt,
then the action to recover such debt could not have been
barred as between the debtor and creditor.    Counsel for
appellants, however, insists that in any event the bar of the
statute can be invoked by the junior claimant only to the ex-
tent of his lien on the property. In other words, the junior
claimant may invoke the aid of the statute so as to postpone
the senior lien, if barred by the statute, to that of the junior
lien, and when the junior lien has been satisfied out of the
property, the surplus, if any, must be applied in satisfaction
of the senior or barred lien.    This contention is based upon
the equitable principle that, so long as the debt is not barred
as between the debtor and creditor, the right to subject the
property pledged as security to the satisfaction of the debt
is not lost.    This no doubt is sound equitable doctrine, and
in some states is enforced, not only as between the debtor
and creditor, but also as between the senior and junior claim-
ants if the junior claimant had either actual or constructive
notice of the senior lien upon the property.

*Kerndt v. Porterfield,* 56 Iowa 412, 9 N. W. 322; *First Nat. Bank v. Woodmen,* 93 Iowa 668, 62 N. W. 28, 57 Am. St. Rep. 287, and *Richey v. Sinclair,* 167 Ill. 184, 47 N. E. 364, are cases which illustrate the doctrine, and apply the principle as between the claimants so long as the debt is not barred against the debtor. Other courts, however, apply a different rule, as appears from the cases cited by Mr. Justice Straup in *Graves v. Seifred, supra.* But in deciding that case this court was not called to pass upon the rights of different claimants of the property or the effect the statute of limitations might have with respect to their interests. All that was presented in that case was whether a subsequent claimant could invoke the aid of the bar of the statute as against a prior one, and all that was decided was that the subsequent claimant could invoke the statute to protect his interest or claim in or to the property constituting the subject of the action. The questions with respect to the effect of the statute of limitations as between different claimants, and when and under what circumstances the statute may be invoked by different claimants, and what, if any, effect the extension of the time of payment by the original mortgagee, to the mortgagor, or the tolling of the statute through the mortgagor's absence from the state, has upon the various claimants, now arises for the first time. Upon this question the courts are in apparent conflict; some enforcing one rule, some another. Where it is held that a junior claimant takes subject to all prior claims of which he had actual or constructive notice, and continues so to hold until the prior claim is barred against the original debtor, there is but little difficulty in determining the junior claimant's rights. So long as the prior claim is enforceable as against the original debtor, it is equally enforceable as against the junior claimant in so far as it affects his claim. Many of the courts now enforce the rule, however, that a junior claimant may invoke the aid of the statute notwithstanding the debt is not barred as against the original debtor. But even among those courts

there is some diversity of opinion, and the results reached by them do not always square with the rule upon which the results are apparently based. This, however, it seems to us, arises largely from the fact that some courts follow the rule to a certain extent, and in a particular case, for what to them seems a good reason, depart from it in favor of some rule adopted by some other court, while others follow the rule to its logical conclusion in all cases where it can be applied. The weight of authority undoubtedly is to the effect that, before any one else has acquired an interest in the mortgaged property, the first mortgagee may, by agreement with the mortgagor, extend the time of payment, or may receive any payment or new promise which has the effect of reviving the debt or extending the time of payment, and such extensions will be binding upon any subsequent claimant. No such extension, however, will, without his consent, affect the right of the junior claimant to successfully interpose the bar of the statute if such extensions are made after he has acquired his interest in the mortgaged premises, and of which the first mortgagee had either actual or constructive notice. As we have said, we are committed to the doctrine that a subsequent claimant may invoke the bar of the statute as against a prior claimant. The question therefore is under what circumstances and to what extent may he do so?

This action was commenced pursuant to section 3498, Comp. Laws 1907, which, in part, provides:

"There can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter. Judgment shall be given adjudging the amount due, with costs and disbursements, and the sale of the mortgaged property."

The section following provides that a general execution may issue against the debtor only after a sale of the mortgaged property. Under statutes similar to the foregoing

the Supreme Court of California has frequently held that there is no personal liability upon the part of the mortgagor except after a sale of the mortgaged property, and then only for any deficiency remaining after the proceeds of the sale have been applied to the discharge of the debt. And, further, that the personal liability of the mortgagor cannot, without his consent, be enforced until after the sale, and for the deficiency only. Among the numerous California cases that might be cited we refer to the following: *Biddel v. Brizzolara,* 64 Cal. 362, 30 Pac. 609; *Brown v. Willis,* 67 Cal. 235, 7 Pac. 682; *McKean v. German Am. Sav. Bank,* 118 Cal. 334, 50 Pac. 656.

This court in an early case has also recognized the doctrine that there is but one action permitted for the recovery of a debt secured by mortgage. (*Bacon v. Raybould,* 4 Utah 357-361, 10 Pac. 481, 11 Pac. 510.) From this case it is apparent that an action to foreclose a mortgage in this state is essentially an action *in rem,* and can be prosecuted just as successfully upon constructive service in so far as the property only is sought to be reached as it can by personal service upon the mortgagor; the only difference being that in case of constructive notice merely no personal judgment in the action may be obtained against the mortgagor for any deficiency that may exist after sale, while, if personal service is obtained upon him within the state, a judgment may be rendered, and a general execution issued thereon. But the fact that a personal judgment cannot be had without personal service is of no great importance, since in case of deficiency the amount thereof continues as a subsisting debt owing by the nonresident mortgagor, and an action may be maintained against him for the amount thereof, and a judgment obtained and enforced as though no mortgage had been given. (*Blumberg v. Birch,* 99 Cal. 416, 34 Pac. 102, 37 Am. St. Rep. 67.) We have referred to these cases for the purpose of showing that there is no valid reason why the time to foreclose the mortgage should be extended upon the

ground that the mortgagor is a nonresident of, and absent from, the state.

The rule, therefore, that requires a first lienholder to foreclose his lien within the statutory time as against a junior claimant works no greater hardship upon the senior claimant where the mortgagor is absent from the state than it does when he is present. No doubt the absence of the mortgagor tolls the statute as to him, but it does not do so as to the junior claimant's interest, who has a right to interpose the statutory bar against any claim which is adverse to his, when such a bar exists. This is but just to the junior claimant, and, for the reasons already stated, it in no way affects the rights of the senior claimant. The only difficulty that can arise is to determine the point of time at which the statute begins to run in favor of the junior claim and the extent to which the junior claimant may invoke the aid of the statute in case the statute has been tolled in favor of the senior claimant by the original debtor's absence from the state. With regard to the extent that a junior claimant may invoke the statute, it must depend upon the character of his interest in the mortgaged premises. If he has acquired the mortgagor's equity of redemption— that is, if he is a subsequent grantee, or, if he has acquired the title by operation of law—no doubt, in view of the statute, he may do so to the full extent of his interest; that is, he may prevent the senior claim from being made effective to any extent as against the mortgaged property. If, however, he has a lien merely, and the equity of redemption is in another, or is still outstanding in the mortgagor, and the right of action of the senior claimant is not barred as against the mortgagor, then the junior claimant may invoke the aid of the statute only to the extent of protecting his own claim. In such event he may only postpone the senior claim, and thus make the junior in effect the senior claim. If there be a surplus arising from a sale of the property after the junior claim is satisfied, the senior, which, by reason of the bar of the statute, has become the junior claim, is entitled to this surplus.

The question as to when the statute begins to run in favor of the subsequent grantee or junior lien claimant, in view of the conflicting authorities and the inherent equities, is one not so easy of solution. After a careful reading of the decisions upon the question, and upon a full consideration of the fundamental principles involved, we have arrived at the following conclusions: That the bar of the statute may be invoked by the subsequent grantee or junior lien claimant in all cases when the bar could be invoked by the debtor, unless the subsequent grantee has, by agreement or otherwise, estopped himself; that such grantee or claimant may also invoke the bar in case the senior claimant has had either actual or constructive notice of the subsequent grant or lien, although the right of action may still be alive as against the debtor, provided the full period of time required by the statute has elapsed since the interest of the subsequent grantee or lienholder was acquired, and the senior claimant has had either actual or constructive notice of such interest for that period of time; that in case such interest be acquired before the original debt matured, the statute in favor of the junior claimant begins to run from the time the right of action against the original debtor accrued; that the first mortgagee may extend the time of payment by agreement with the debtor, or may receive any payment or new promise which will either extend the time of payment or revive the debt, and if any such agreement or new promise is made, extension given, or payment received, before the interest of the subsequent grantee or junior lien attaches, or before the senior claimant has either actual or constructive notice, the agreement, new promise, or extension will be binding upon the subsequent grantee or junior lien claimant, but if these things occur after the interest has been acquired and the senior claimant has had notice as aforesaid, such agreement, new promise, or extension will not toll the statute as against the subsequent grantee or lien claimant without his consent; that after the subsequent interest is acquired, the senior claimant may not without the consent of the subsequent

claimant, in any way affect the subsequent claimant's rights in the property, except in so far as the law authorizes this to be done; that, upon the other hand, no agreement of the original debtor and the first mortgagee which affects the property is of any concern to the subsequent claimant if entered into before his interest attached; and that in all of the instances above it is immaterial whether the mortgagor is a nonresident of, and absent from, the state or not so far as the subsequent claimant is concerned. Neither the presence nor the absence of the mortgagor affects the running of the statute as between the first mortgagor and a subsequent claimant, but has the effect only of tolling the statute as between the debtor and the first mortgagor.

The foregoing conclusions, it seems to us, are fairly supported by the following cases: *Filipini v. Trobock,* 134 Cal. 441, 66 Pac. 587; *Hibernia S. & L. Society v. Farnham,* 153 Cal. 578, 96 Pac. 11; *Colonial & U. S. Mortg. Co. v. N. W. Thresher Co.,* 14 N. D. 147, 103 N. W. 915, 70 L. R. A. 814, 116 Am. St. Rep. 645; *Paine v. Dodds,* 14 N. D. 189, 103 N. W 931, 116 Am. St. Rep. 674; *Wood v. Goodfellow,* 43 Cal. 185; *Cook v. Union Trust Co.,* 106 Ky. 803, 51 S. W. 600, 45 L. R. A. 212; *Johnson v. Johnson,* 81 Mo. 331; *Brandenstein v. Johnson,* 140 Cal. 29, 73 Pac. 744; *Fraters v. Sears,* 144 Cal. 246, 77 Pac. 905; *De Voe v. Rundle,* 33 Wash. 604, 74 Pac. 836. It is not claimed that all of the foregoing cases pass upon all the propositions advanced, nor that any one case does, but in all of them one or more of the propositions before stated are either enforced or recognized. The fact of the absence of the debtor from the state is, however, discussed and passed upon in three of the foregoing cases, namely, *Filipini v. Trobock, Paine v. Dodds,* and *Colonial & U. S. Mortg. Co. v. N. W. Thresher Co.* And we feel constrained to follow the rule upon that point as it is applied in those cases. In the other cases this point is not discussed, and we have found no others which either directly discuss or pass upon it.

As we understand counsel for appellant, his contention is that nonresidence of and absence from the state by the debtor

should be given the same effect in tolling the statute as an agreement extending the time of payment, or a new promise to pay the debt, or a part payment thereof would have if these things occurred before the subsequent interest in property was acquired. A mere cursory analysis of the propositions above stated will disclose that the effect of absence is practically the same as part payment would be. As we have seen, an extension, new promise, or part payment will toll the statute only as to the subsequent claimant if made before he obtains his interest. If made thereafter, the statute runs as to him precisely as if no extension had been given or new promise or payment made. This is based upon the equitable principle that a subsequent claimant takes his interest subject to all the rights of the prior claimant as those rights existed when the subsequent interest was acquired. Under our statute the mortgaged property constitutes the primary fund or thing to which the mortgagor must first resort for a discharge of the debt. He can have personal recourse against his debtor only after this fund has been exhausted. Until this is done he has no personal right of action against the mortgagor unless the mortgagor consents thereto. If, therefore, another acquires some interest in this fund which is subsequent to his mortgage, such other is a necessary party to an action by which the fund is sought to be appropriated to the payment of the prior mortgage, and such a party may invoke any legal or equitable defense which will protect his interest precisely the same as a prior claimant may to protect his. With respect to each other they are interested in the same fund, and each may protect his interest to the full extent. The absence of the original debtor from the state can thus have no effect upon the respective rights of the parties to the fund which is within the state, and to which the first mortgagor must resort for the payment of his claim in so far as it affects a subsequent claimant. So far as it affects the absent debtor, and so long as no one else has acquired an interest in the property, it may be reached, or the debtor's interest therein may be

resorted to at any time within which the personal right of action exists against the debtor. But the right to maintain an action against the debtor by reason of his absence from the state does not also continue the right as against the subsequent claimant. As to him and his interest, if the right of action has thus accrued against the debtor, the action must be commenced within the six years from the time such interest was acquired if the prior claimant had notice of it, or within six years after such notice was acquired; and, if not so commenced, the subsequent claimant may invoke the bar of the statute to the full extent of his interest. But it is contended by counsel for appellants that in no event may the subsequent claimant invoke the bar of the statute as against a prior claim except to protect the junior claimant's interest. This is true, but he may invoke it to the full extent of that interest; and, if he has acquired the equity of redemption from the original mortgagor, or in some other way has succeeded to the title, he may protect this title.

Applying the doctrine to this case, it appears from the answer and the court's findings that the respondent claims a right to the morgaged property by virtue of a certificate of tax sale dated December 21, 1894, and a tax deed issued thereon dated February 25, 1897, for unpaid taxes for the year 1894. The interest of respondent thus dates from the time the property was sold for taxes. The mortgage was executed September 5, 1894. Respondent's interest was acquired subsequent to the interest of appellants' assignors, whose interest is thus prior in time. Counsel does not contend that appellants did not have notice of the issuance of the tax deed, but he contends that the deed is void, and hence constitutes nothing more than a lien against the property, which lien the respondent has a right to protect, but can claim no more. If there were nothing but this tax deed in the way, counsel's contention would be sound, and entirely in harmony with the doctrine heretofore stated. But before this action was commenced the title to the premises in question had been quieted in respondent, in an ac-

tion instituted for that purpose against the original mortgagor, the owner of the property. But counsel for appellants insists that, although the title and equity of redemption has passed from the original mortgagor, and is now vested in respondent, this in no way affects appellants' rights, since they were not made parties to the action to quiet the title; that they still have the right to insist that the tax deed constitues a mere lien against the property.

While it is axiomatic that a person's rights in the subject of the action may not be affected by a judgment to which he was not made a party, yet the real question involved always is, how are such rights affected by the judgment? As we have seen, appellants' interest in the property attached September 5, 1894. The right of action accrued one year thereafter, and not later than September 6, 1895. At that time respondent had already acquired its interest. The mortgagor left the state "shortly after" the right of action had accrued; but, as we have pointed out, this did not have the effect of tolling the statute as against respondent, who, at the time the right accrued, was a necessary party to any action to foreclose the mortgage. Appellants therefore had the full statutory period, namely six years from the time the cause of action accrued, within which to commence an action to foreclose the mortgage, and if brought within that time the mortgage would have been the senior lien. They could also have brought the action at any time afterwards, by reason of the mortgagor's absence from the state, so long as the right of action continued alive against him, but if commenced after the six years, respondent's claim to the extent thereof would have been superior to appellants' claim. This, counsel contends, was the status of the matter when this action was commenced, for the reason that the tax deed constituted no more than a prior lien against the property. We think not. The respondent had the right to acquire the equity of redemption—that is, the title to the mortgaged premises—at any time without appellants' consent; and, if such title was acquired at any time after the statute had run in favor of

respondent's interest, or if acquired before, but the statute had fully run since this interest had attached, and before the commencement of the action to foreclose the mortgage, respondent could offer the bar of the statute, not only to protect its former lien, but could do so to protect the title itself. Its interest then covered the entire property, and it could interpose the bar as to its entire interest if it could interpose it to any extent, and counsel for appellants frankly concedes that it could interpose the bar for the protection of its tax lien. While counsel for respondent contends that appellants cannot in this action attack the validity of the tax deed, we think they could do so provided this action had been commenced before the title to the land was quieted in the respondent, or before the statute had fully run in favor of its interest in the mortgaged property. The action to quiet the title in this case, in so far as appellants are concerned, had the same force and effect as if Esther Cohen Jacobsen, the original mortgagor, had conveyed the land by deed to the respondent after it had acquired the tax deed. Appellants in no way could either prevent or question respondent's right to acquire the title at any time from the mortgagor. Nor could they refrain from bringing their action after respondent's interest had been acquired upon the ground that the interest was only a lien, and as to appellants must always remain such. By neglecting to institute suit appellants took the chances that the interest, although only a lien when acquired, may nevertheless ripen into a complete title, and thus constitute a bar against them, not only so as to postpone their claim, but to prevent its enforcement against the property at all. This is just what had happened before this action was commenced, and hence we are of the opinion that, in so far as the lower court refused to enter a judgment of foreclosure, the ruling is clearly right.

But is the judgment in favor of Esther Cohen Jacobsen the original debtor also right? We think not. As to her the right of action still subsisted. The statute was tolled as to her by reason of her absence from the

state, and no other defense was interposed by her. The right to sue her, therefore, was a subsisting right when the action was commenced, and as the plea of the statute of limitations constituted no defense in her favor, the judgment in her favor is erroneous. The result, therefore, is precisely the same as that arrived at in the former opinion, but based upon somewhat different grounds.

It follows that, in view of the record as it now stands, the court erred in not making findings and conclusions in favor of appellants and against the defendant Esther Cohen Jacobsen for the amount due upon the note, and in not entering a personal judgment against her for the amount that the court might find due, with accrued interest and costs. The case is therefore remanded to the trial court, with directions to make the necessary findings and conclusions of law in conformity with the views herein expressed, and to modify the judgment by entering a judgment against the defendant Esther Cohen Jacobsen for the amount that the court may find due on said note, with accrued interest and costs. Neither party to this appeal to recover costs in this court.

STRAUP, C. J., and McCARTY, J., concur.