## LADD *v.* RUGGLES.

A COMMENCED an action against B on a money demand and to foreclose a mortgage given to secure his debt. On motion of A's attorney the prayer for foreclosure of the mortgage and sale of the property was stricken out and a money judgment taken: *held*, that this was an abandonment and waiver of A's right to a foreclosure and sale of the mortgaged property.

APPEAL from the District Court, Fifteenth Judicial District, Butte County.

The facts are stated in the opinion of the Court.

*H. O. Beatty*, for Appellant.

*Harris & Burt*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an appeal from an order refusing to enter a decree of foreclosure of a mortgage. It appears that on the thirty-first day of December, 1856, an action was commenced for the foreclosure of a mortgage, the parties appeared, a trial was had by the Court (a jury having been waived), and on the trial the plaintiffs moved to amend their complaint by striking out the prayer for the sale of the property, which was granted. The Court found for the plaintiff,

the amount of the debt, and a personal money judgment therefor was accordingly rendered against.the defendant on the twenty-third day of February, 1857. On the twenty-first day of April, 1863, the surviving plaintiff moved the Court, on notice, to enter a decree of foreclosure of the mortgage, which was refused, and he thereupon takes this appeal.

The appellant contends that although the prayer for the sale of the property was stricken out of the complaint, yet as there was a prayer for general relief, he was then and still is entitled under it to a decree of foreclosure and for a sale of the property. After having stricken out, on his own motion, the prayer for a sale of the mortgaged property, he could not ask that relief, as he had thus openly abandoned and waived that portion of his claim to relief. But even if that was not the effect of his motion and the order granting it, and even if he could have claimed that kind of decree under his prayer for general relief, he should have required the Court at the time of rendition of the judgment to grant him that further relief; or, before the expiration of the term, moved the Court to amend the judgment in that respect. Having failed to do so, it is too late afterwards to do it. If such application had been made and refused, his remedy would have been by an appeal, within the statutory time, to correct the error, if· error it had been.

The order of the Court below is affirmed.