CHAUNCEY BACON, RESPONDENT, *v.* BENJAMIN G. RAYBOULD, APPELLANT, AND A. K. THORNTON.

PRACTICE—CONFESSION OF JUDGMENT—STATUTE TO BE STRICTLY CONSTRUED.—A confession of judgment must strictly pursue the statute, and a judgment entered therein without the sworn statement required by section 1015 of the Code of Civil Procedure (Laws of Utah, 1884, p. 331) is void as to creditors of the defendant not made parties to the action.

ID.—SUIT ON NOTE SECURED BY MORTGAGE—MORTGAGE, WAIVER OF BY ATTACHMENT.—R. holding T.'s note and mortgage securing the same, brought suit on the note, not asking a foreclosure of the mortgage, and obtained a writ of attachment of T.'s property on an affidavit that the mortgage had become nugatory by the act of T.; an attachment when the debt claimed is secured by a mortgage, being only obtainable on the filing of such an affidavit under section 1348 Compiled Laws of Utah Territory; *held*, that such action was a waiver of the mortgage lien.

ID.—NOTE SECURED BY MORTGAGE BUT ONE CAUSE OF ACTION.—R. holding T.'s note secured by a mortgage on real estate, brought suit on the note without asking a foreclosure of the mortgage; *held*, that the pendency of this suit was a bar to an action to foreclose the mortgage under section 606 of the Code of Civil Procedure (Laws of Utah, 1884, p. 268.)

APPEAL from a judgment of the district court of the first district, and from an order refusing a new trial. The opinion states the facts.

*Messrs. Sutherland & McBride,* and *Mr. C. K. Gilchrist,* for the appellant.

*Mr. P. H. Emerson,* for the respondent.

BOREMAN, J.:

On the tenth March, 1884, A. K. Thornton gave his note and mortgage to James Chipman for $500, and these were assigned to appellant. On the twenty-sixth July, 1884, appellant entered suit in first district court against Thornton to recover the amount of said note, and also of another

note, and an account stated—all *bona fide* debts; but nothing was said about the mortgage. On the same day (twenty-sixth July, 1884) appellant obtained a writ of attachment in the same case, and said Thornton on the same day gave Chipman a power of attorney to confess judgment in that case, and on the first August following the confession of judgment was entered for $728. In a few days thereafter, viz., on the fourth September, 1884, Thornton gave Chauncey Bacon (respondent) his note and mortgage for $1200, due at six months. This mortgage and the Chipman mortgage embraced some of the same property. On the seventeenth March, 1885, Bacon began his action in the same court against Raybould and Thornton, to foreclose his mortgage, and that is the action we are now considering. Raybould and Thornton filed a joint answer, praying that the judgment by confession on the first August, 1884, be declared valid, and a prior lien to that of respondent; and also that the mortgage to Chipman, assigned to appellant, be declared a prior lien to that of respondent; and that upon the sale of the property the Raybould liens, amounting in all to $767.75, be paid, less a small payment. At the time of the filing of said answer the appellant filed likewise a cross-complaint against respondent and Thornton, setting up the same matters as were set up in the joint answer, and making a similar prayer, and also that the property be sold.

Upon a trial of the case, the lower court found, as a conclusion of law, that the judgment by confession was null and void, and that that action was pending and undetermined when Thornton gave the Bacon note and mortgage; also that appellant was not entitled to a foreclosure of his mortgage; but that Bacon was authorized and entitled to a foreclosure of his mortgage. The court gave judgment accordingly, and thereupon said Raybould appealed the case to this court.

The appellant maintains that the judgment by confession, made by Thornton in favor of appellant, is valid, and a prior lien to the mortgage sought to be foreclosed by respondent, (Bacon). Thornton made what purported to be a confession of judgment. It was made through the

medium of an attorney in fact. The power of attorney authorized the attorney in fact to confess judgment. He was not authorized to do more. The judgment was therefore one by confession, or it was nothing. Our statute regarding confessions of judgment (Comp. Laws, p. 500, secs. 357–359; Laws 1884, p. 331, secs. 1014–1017) must be strictly pursued. *Chapin* v. *Thompson*, 20 Cal. 681. That statute requires that a sworn statement shall be made and filed by the debtor who seeks to confess the judgment, and if the judgment be for money, that it shall· "state concisely the facts out of which it arose." In the present case there was no such statement, nor any attempt to make one. The authorities go to the extent of holding that where there is an incomplete or insufficient statement of such facts, the failure to make a complete statement will be only *prima facie* evidence of fraud as to creditors, and that it cannot be attacked collaterally. But no, case has been called to our attention where a court has held that a confession of judgment is merely *prima facie* fraudulent as to creditors, and not liable to be attacked collaterally where there was a total absence of the statement of any facts whatever. We know of no instance in which such a. case has reached an appellate court. The statement of such facts is a prerequisite to the confession of judgment—it is not a confession of judgment without it. Every attempt at making such a statement being wanting, the pretended judgment by confession was null and void, and the case, after its entry, was still pending and undetermined.

The appellant further maintains that the mortgage of the tenth March, 1884, made by Thornton to Chipman, and assigned to him, is a valid prior lien to that of the respondent. The appellant held a $500 note of Thornton, secured by that mortgage. That note was one of the notes sued in the action wherein Thornton essayed to make a confession of judgment. The appellant laid aside his mortgage lien, and sued in that action simply on the note, and did not ask any foreclosure of his mortgage, but instead thereof he sought and obtained a writ of attachment. In order to get his writ of attachment, he filed, as required by law, an

affidavit that his mortgage had become nugatory by the action of the mortgagor, Thornton, the defendant in that action. His electing to pursue his remedy by attachment was a waiver of his remedy upon his mortgage: *Ladd* v. *Ruggles*, 23 Cal. 232. The purpose and intent of this provision of our attachment laws were to prevent a party from pursuing both remedies, and it would not allow him to have his writ of attachment unless he should file an affidavit that his mortgage had become nugatory by the act of the defendant. Comp. Laws, 432 (1348), sec. 123. If, therefore, the appellant should now be allowed to fall back upon his mortgage lien, it would, in effect, thwart the very object of the statutory provision referred to, and allow appellant to pursue both remedies, and that, too, at the same time.

In this territory there can be but one action for the recovery of any debt, or the enforcement of any right, secured by mortgage or other lien on real estate. This is our statute. Comp. Laws, 474 (1471), sec. 246; Laws, 1884, p. 268, sec. 606. The allowance of appellant's cross-complaint would be a nullification of that statute. A party having one suit, either pending or in judgment, for a debt secured by mortgage, cannot have another action for the recovery of the same debt. His whole claim must be embraced in one suit. There is no reason why this could not have been done in regard to the debt of appellant. This is the rule in California under a similar statute: *Porter* v. *Muller*, 65 Cal., 512; S. C. 4 Pac. Rep., 531; *Ould* v. *Stoddard*, 54 Cal., 613; *Eastman* v. *Thurman*, 24 Cal., 382.

Upon the whole case, therefore, we see no reason for reversing the judgment of the court below, and it is therefore affirmed.


ZANE, C. J., and POWERS, J., concurred.


A petition for a rehearing having been filed, it was denied, and the following opinion was filed.

BOREMAN, J.:

We are inclined to think that counsel misconceived the purport of the opinion in this case. It must be read, as every opinion should be, with a view to the parties to the action. The parties to this action are not the same as to the action in which the confession of judgment was claimed to have been made. This is not a contest between the plaintiff and defendant in that action, and whether the confession of judgment was valid and binding between the parties to that action is not a question in the case under consideration. We simply held that such confession of judgment was void as to creditors of the defendant in that action, not made parties to it.

The debt was *bona fide;* but, in obtaining the judgment, the statute as to confessions of judgment was not followed, and, therefore, as to such third parties, it was not a judgment binding upon such third parties. This is in accordance with the analogies of the law. For example, a complaint may contain a defective statement of necessary facts; and, if not demurred to, it will be held sufficient to sustain a judgment; but it is not so if there be a failure to state necessary facts. The pretended confession of judgment failed to state any facts out of which the indebtedness arose, as required by the statute. It was not a case of a defective statement of such facts.

As to the other branch of the case, namely, the waiver of the mortgage by attachment and seeking personal judgment, we see no reason to modify our views. It is not a question in this case whether the plaintiff in the action in which the confession of judgment was sought to be entered, could or could not, by his own act, separate the security so as to obtain personal judgment, as nothing of the kind was done, or sought to be done, by the plaintiff, "by his own act." It was the joint act of the plaintiff and defendant in that action—it was a consent proceeding. Nor do we think it material to the case at bar whether, upon a foreclosure suit, a plaintiff may, as an additional security, have an attachment issued, as the action in which the intended confession of judgment was entered was not a

foreclosure suit, and, of course, the writ of attachment did not issue as an additional security. It was resorted to in the place of the mortgage, because the mortgage had been rendered nugatory by the acts of the mortgagor.

We do not see that it is material in the present case whether or not the plaintiff in the former action could have amended his complaint so as to have included foreclosure, as nothing of the kind seems to have been done or sought to be done. Having failed in asking to so amend his complaint in that action, the plaintiff therein (appellant here) seeks to accomplish the same result by his cross-complaint in the present action. We think he is too late. He cannot have two actions to enforce the collection of the same claim thus secured by mortgage. "There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage:" Code Civil Proc., sec. 606; Laws Utah 1884, p. 268.

We do not think that the petition shows any good grounds for granting a rehearing. The alleged grounds are substantially such as were considered at the hearing of the case, and the court is slow to grant a rehearing, except upon some new considerations which did not appear on the first hearing. The rehearing is denied.

ZANE, C. J., and POWERS, J., concurred.