[L. A. No. 282.   Department One.—April 1, 1898.]

·COMMERCIAL BANK OF SANTA ANA, Appellant, v. SARAH KERSHNER et al., Respondents.

MORTGAGE PENDING ATTACHMENT SUIT—EXTENSION OF TIME OF PAYMENT—WAIVER OF FORECLOSURE.—Where a mortgage was given to secure the entire payment of notes pending an attachment suit upon them, in which a portion of the mortgaged property had been levied upon, by the terms of which mortgage the time for payment of the notes secured was extended for one year, the provision of section 726 of the Code of Civil Procedure, that there shall be but one action for the recovery of any debt or the enforcement of any right secured by mortgage, is applicable; and the mortgagee thereafter had only the right to foreclose the mortgage at the expiration of the credit given, and had no right to continue to enforce the notes in the attachment suit, and if he does so and sells the attached property thereunder, he waives the right to foreclose the mortgage, and cannot maintain a separate suit to foreclose it for any deficiency remaining after selling the attached property.

ID.—FAILURE TO DEFEND ATTACHMENT SUIT—ESTOPPEL.—The defendants in the attachment suit could have interposed the provision of the statute, and could have prevented the judgment being entered in that action; but their failure to do so does not estop them from defending a subsequent suit to foreclose the mortgage for any deficiency.

ID.—SURETYSHIP—SUBSTITUTION OF REMEDY.—The fact that one of the mortgagors was surety for another, whose property had been attached, cannot require or justify the sale of the interest of the principal mortgagor in the attachment suit for the protection of the surety. The interest of the surety could be protected in a foreclosure suit by first selling the property of the principal debtor; and the remedies and rights of the mortgagee against the surety would not have been impaired or suspended by dismissing the attachment suit, and foreclosing the mortgage, which was the remedy substituted by the acts ·of the parties for the remedy of attachment, and should have been followed in entire disregard of the attachment suit.

APPEAL from a judgment of the Superior Court of Orange County. J. W. Towner, Judge.

The facts are stated in the opinion.

E. E. Keech, for Appellant.

Edward Mills Adams, E. L. Campbell, and J. S. Spilman, for Respondents.

CHIPMAN, C.—Action to foreclose a mortgage. Defendants had judgment on demurrer to the amended complaint without leave to further amend the complaint, from which plaintiff appeals on the judgment-roll.

The amended complaint shows: That November 15, 1890, Thomas B. Peet died, leaving the mortgaged premises to defendants, Sarah Kershner and Florence M. Ludlow (now Florence Williams), his sole surviving heirs and devisees in California. On January 3, 1891, Florence Ludlow and her husband, Frank K. Ludlow, a defendant, became indebted to plaintiff and executed to it two promissory notes—one due April 3, 1891, for eleven hundred and twenty-five dollars, and one due June 3, 1891, for five hundred dollars. Nothing having been paid on the notes, plaintiff brought suit against the makers February 23, 1892, and attached the interest of defendant Florence Ludlow in most, but not all, of the property then in process of administration. Both defendants to that action appeared. Subsequently Mrs. Ludlow and her sister and coheir aforesaid, Mrs. Kershner, executed an instrument to plaintiff, assigning all their interest in all of said estate, to secure the notes on which this suit was pending. This instrument was dated April 20, 1892, and on the same day plaintiff executed to the assignors an instrument in the nature of a defeasance reciting the assignment of their interest in said estate, and providing that when the bank was fully paid the principal and interest of said notes, together with certain expenses, it would reconvey the interest so assigned; and in case it received from the estate, or otherwise, any property so assigned, it would, after disposing of the same, or sufficient to pay said notes and charges, turn over and account for the residue. Possession of the transferred property was to remain in the assignors. February 21, 1896, plaintiff took judgment in the

action brought on the notes for two thousand two hundred and twenty-two dollars and twenty cents and costs, and the interest of Mrs. Ludlow, which still remained under attachment, was sold and applied on the judgment, leaving a deficiency or balance unpaid of one thousand and forty-eight dollars and thirty-seven cents. Whereupon, this action was commenced to foreclose the unsold portion of the transferred interest in said estate to enforce payment of the unpaid balance of said judgment.

The demurrers were general, and also presented three other points relied upon by respondents: 1. Misjoinder of parties defendant and of causes of action; 2. Statute of limitations; 3. That the action is barred by section 726 of the Code of Civil Procedure.

1. The point most contested is as to the effect of section 726 of the Code of Civil Procedure, when applied to the facts alleged. That section provides: "That there can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage, . . . . which action must be in accordance with the provisions of this chapter."

The mortgage here was given to secure a debt evidenced at the time of its execution by two promissory notes. They were then the subject of a pending action in attachment, but the defeasance given by plaintiff says that the transfer of the property "was intended and made for the purpose of securing the payment of certain promissory notes . . . . copies of which are set forth in the complaint in an action instituted," etc., "reference to which complaint is hereby made for a more particular description of said notes and the amount secured by said assignment"; and the instrument extended the time of the payment of the notes one year from its date. Nothing is said in it about enforcing or dismissing the attachment, but the instrument indicates clearly that the mortgage security might be enforced unless the notes were paid.

Appellant contends that the language of the section does not include this case, because when the first action was brought the debt was not "secured"; that the object of that action was to secure it. That is to say, if we understand the learned counsel, the statute does not apply where a mortgage is given to secure a debt already secured. We cannot concur in this view of the

code provision. The code provides in effect that whenever a mortgage is given to secure a debt there can be but one action for its recovery or enforcement. A debt may·be secured by pledge, mechanics' lien, judgment lien, attachment, or otherwise, and yet the security may be reinforced by a mortgage on the same or other property. Conceding this, appellant still claims that when a mortgage is given as additional security for a debt then being enforced by an action pending, the statute makes it an exception, and the plaintiff may proceed with his first action and foreclose on the balance, if there be any. We do not think such an exception was ever contemplated, nor that it can be brought within the reason of the statute. We can perceive no difference between commencing and enforcing an attachment suit while there is a valid mortgage existing to secure the debt, and prosecuting the action already commenced after a mortgage is given to secure the debt which is the subject of that action. The mortgage subserves the same purpose in both cases, which is to secure the debt, and after it is given·the law steps in and limits the action to foreclosure proceedings to enforce the debt. The same reason underlies the mortgage in both cases, and the language of the statute applies equally to both. The parties might have given a mortgage to secure any balance that might remain unpaid after enforcing the attachment. In that case the right to foreclose the mortgage would not have accrued until after the attachment proceedings had been exhausted and the unpaid balance was ascertained; and it would not have been security, as it was here, for the principal indebtedness. The mortgage given covered not only the entire debt, but all the interest in the property that was attached and other interests besides, and extended payment of the debt one year. The right to foreclose accrued after one year, and no other remedy was open to plaintiff, who must be held to have taken the mortgage with knowledge of section 726, and the rights it conferred and the limitations it imposed.

The defendants in the attachment suit could have interposed the bar of the statute, and could have prevented judgment being entered in that action, but we do not think that their failure to do so estops the defendants from raising the objection now made; and, if plaintiff waived its right to foreclose by obtaining judgment in the attachment suit and enforcing it on execution,

there is nothing on which to ground this action. We think that such proceedings in that suit amounted to a waiver of the right to foreclose. In the case of *Ould v. Stoddard,* 54 Cal. 613, plaintiff obtained a judgment in the state of Ohio on the promissory note in question, and execution issued, but was returned wholly unsatisfied. Plaintiff afterward brought an action to foreclose a mortgage given in this state to secure the payment of the same note. It does not appear whether the mortgage was given before or after the suit was commenced in Ohio, but we presume it was before, and in this respect only does the case differ from the one at bar. The court there said: "In order to give to this statute [section 726] the force and effect which the legislature intended it should have, we must hold that by prosecuting an action to final judgment the plaintiff has exhausted his remedy upon both the note and the security. To hold otherwise would be to hold that there may be two actions where the statute declares there can be but one." I do not understand that this case has been overruled or the principle there decided called in question. In *Blumberg v. Birch,* 99 Cal. 416, 37 Am. St. Rep. 67, the action was to foreclose the mortgage, and defendant was brought in by publication of summons and a deficiency judgment was entered against him. The suit was to obtain a judgment for this deficiency. It was held that, inasmuch as no deficiency judgment could be legally entered in the foreclosure suit because the defendant was not personally served with summons, there was nothing in section 726 to forbid another action to collect this unpaid balance. Appellant contends that this case is authority for the present action. It is not, for the reason that there the statute was followed in the first instance and the action pointed out by the code was resorted to. All that could be done to exhaust plaintiff's remedy was done, and if he could have had personal service and a valid deficiency judgment, there would have been no occasion for the subsequent personal action. And so in *Felton v. West,* 102 Cal. 266, also relied upon by appellant, plaintiff was obliged to foreclose in Oregon while the defendant resided in California, and plaintiff could not, therefore, have a valid deficiency judgment by publication; and the action against defendant in this state for the unpaid deficiency was upheld. Referring to *Ould v. Stoddard, supra,* in that case this court

said:.<sup></sup>"It might in good reason be held by a court in this state, under the practice laid down in the code, that having a choice of actions, one in Ohio and one in California, by making a choice of his personal action in Ohio he thereby waived. his right of action to foreclose in this state." *A fortiori* would this be so where the personal action was commenced in this state.

In *Merced Bank v. Casaccia*, 103 Cal. 641, also relied upon by appellant, we find nothing to support his position. On the contrary, it was there held that "the obvious purpose of section 726 is to compel one who has taken a special lien to secure his debt to exhaust his security before having recourse to the general assets of the debtor."

These cases are authority for supporting more than one action where the debt is secured by mortgage, but it is only where the mortgage security is first exhausted or it has been lost without the fault of the mortgagee. In *Mascarel v. Raffour*, 51 Cal. 242, it was held that where a mortgage is given on two pieces of land, and the mortgagee enforces it against only one, he thereby waives the lien on the other piece. (See, also, *Hall v. Arnott*, 80 Cal. 348; *Brown v. Willis*, 67 Cal. 235.) In *Biddell v. Brizzolara*, 64 Cal. 354, where section 726 of the Code of Civil Procedure was construed, it was said: "Whatever the form of the debt, the mortgagor can be legally compelled to pay no part of it until decree is entered for the sale of the premises mortgaged, and the liability which shall then accrue to him is a liability to pay any deficiency which shall appear on the sheriff's return." It seems to us that the doctrine of waiver as applied to these cases results necessarily from the statute, that there can be but one action so long as the mortgage security exists. Appellant asks, Why not allow a personal action as well before as after the mortgage security has been exhausted? The simple answer is found in the statute and in its reason and policy, which are to prevent multiplicity of suits and the attendant annoyance and additional cost to the debtor.

But appellant contends that plaintiff was bound first to exhaust its attachment lien upon the interest of Mrs. Ludlow in order to protect the mortgage given by Mrs. Kershner, who, it is said, was a surety. This does not follow. Mrs. Kershner would have been fully protected by the court if she was only a surety by the

sale first of Mrs. Ludlow's interest in the property. (Civ. Code, sec. 2850.) Besides, when she executed the mortgage to secure the notes she was charged with knowledge of the code provision under discussion. Nor do we think that sections 2819, 2831, and 2840 of the Civil Code, cited by appellant, sustain his position. The surety is exonerated where, without his consent, "the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against the principal in respect thereto in any way impaired or suspended." (Civ. Code, secs. 2819, 2844.)

The remedies or rights of plaintiff against Mrs. Ludlow would not have been impaired or suspended by dismissing the attachment suit, for when the mortgage was given the remedy of foreclosure was by the acts of the parties substituted for the remedy of attachment.

Under misapprehension upon this point appellant next contends that it was impossible to foreclose the mortgage in the attachment suit by amending that complaint, and he could not bring Mrs. Kershner into that suit as a defendant, and therefore he was forced to complete his action already begun. But we have seen that this was an erroneous conclusion. The plain course pointed out by the code was to foreclose the mortgage in entire disregard of the attachment suit.

It is recommended, therefore, that the judgment be affirmed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Harrison, J., Garoutte, J., Van Fleet, J.