[Civ. No. 1312. Third Appellate District.—January 23, 1915.]

SARAH A. POST, Respondent, v. ADOLPH BECKER et al., Defendants and Appellants; T. B. HUBBARD, Cross-Complainant and Respondent.

FORECLOSURE OF MORTGAGE—SECOND MORTGAGE—SECURITY FOR PRESENT AND FUTURE CLAIMS—ALLEGED WAIVER OF SECURITY.—In this action for the foreclosure of a mortgage, in which one of the defendants, by cross-complaint, sought the foreclosure of a second mortgage held by him, given to secure present and future indebtedness, it is held that the contention of the mortgagors that the right of the cross-complainant to foreclose his mortgage on any of the claims intended to be covered by it was waived by his having previously commenced actions to enforce mechanics' liens on certain claims secured by the mortgage, which were omitted from the cross-complaint, cannot be maintained.

APPEAL from a judgment of the Superior Court of Santa Clara County. John E. Richards, Judge.

The facts are stated in the opinion of the court.

L. S. Melsted, for Appellants.

Will M. Beggs, and R. C. McComish, for Respondent T. B. Hubbard.

A. H. Jarman, for Respondent Sarah A. Post.

CHIPMAN, P. J.—Plaintiff commenced the action to foreclose a mortgage upon the real property in question given to secure the payment of a promissory note executed by defendants, Beckers, to plaintiff. Hubbard was made a party defendant as having an interest in the property. Plaintiff's rights in the action are not disputed and need not be considered. Hubbard answered by way of cross-complaint, seeking to foreclose what he claimed to be a second mortgage upon the property. This document was in form a grant, bargain, and sale deed of the premises, dated October 9, 1905, and was duly recorded, February 10, 1906. It was alleged, in an amended cross-complaint, filed before the trial, that this deed was intended as a mortgage to secure the indebtedness then (at its date) due from the Beckers to the firm of Hubbard and Carmichael Bros.; also to secure Hubbard against any liability that might arise out of a certain bond, in the sum of five hundred dollars, given by him as security for Becker in an action about to be commenced by him against one Mrs. Schmidlin, for slander; also to secure all other indebtedness that might thereafter (after October 9, 1905), become due from the Beckers to T. B. Hubbard, or Hubbard & Carmichael Bros.; ''that at the time of the filing of this cross-complaint, to wit, on September 6, 1910, there was and still is due, owing and payable and unpaid from the said Adolph Becker and Amanda Becker, his wife, to the said T. B. Hubbard the sum of three thousand dollars.'' It was further alleged, and the court so found, that the claims of Hubbard & Carmichael Bros. were assigned to Hubbard before the action was commenced.

The Beckers answered and alleged that, at the time of the execution of the deed, October 9, 1905, Will M. Beggs was their attorney and also the attorney of Hubbard and Hubbard & Carmichael Bros., and that in his capacity as such attorney he represented to the Beckers that the deed was given as security to indemnify Hubbard against any liability under said bond above referred to, in which said suit against Schmidlin the said Beggs was Becker's attorney, and that all liability incurred by Hubbard on said bond has been paid. Section 337 of the Code of Civil Procedure was pleaded in bar of the action, but is not now urged. It was further answered:

''The cross-complainant and Hubbard & Carmichael Brothers have at different times during two years last past waived

any and all rights they or either or any of them might have had under said alleged mortgage and said T. B. Hubbard and Hubbard & Carmichael Brothers have at different times during two years last past instituted and carried to judgment certain actions in the superior court of the state of California, in and for the county of Santa Clara, for the recovery of certain amounts of money alleged to be due from said Adolph Becker to said T. B. Hubbard and the firm of Hubbard & Carmichael Brothers, and that there is now pending in the said superior court of the state of California, in and for the county of Santa Clara, certain actions in which said T. B. Hubbard or the firm of Hubbard & Carmichael Brothers are plaintiffs against said Adoph Becker as defendant for the recovery of certain sums now alleged to be due to said Hubbard & Carmichael Brothers or T. B. Hubbard from said Adolph Becker. That none of the actions mentioned in this paragraph are or were actions to foreclose the alleged mortgage mentioned in said cross-complainant's cross-complaint.''

The court made findings that the deed of October 9, 1905, was executed for the purposes alleged in the cross-complaint and that there remained due and owing to Hubbard the sum of three thousand dollars and is not barred by the statute of limitations; that Becker could neither read nor write except to sign his name; that it is not true that the Beckers signed said instrument in complete or any reliance on the statement of Will M. Beggs, but that they, with full knowledge of the contents and purport of said instrument, signed the same to secure T. B. Hubbard and Hubbard & Carmichael Bros. against any indebtedness or loss which might then be, or thereafter become, ''due from said Beckers or either of them,'' to either ''T. B. Hubbard or Hubbard and Carmichael Bros.''; that ''said Hubbard expended five hundred dollars under said bond, no part of which has been paid; that neither T. B. Hubbard nor Hubbard & Carmichael Bros. has at any time waived all or any rights they or either of them might have under said mortgage,'' or by the institution of any action or actions in said superior court. ''That it is true that there are now pending in the superior court of the state of California, in and for the county of Santa Clara, certain actions in which T. B. Hubbard is plaintiff against Adolph Becker and others as defendants for the recovery of certain sums alleged to be due to said T. B. Hubbard from said Adolph Becker. That each

of said actions was instituted to foreclose a mechanic's lien upon the property of third parties for materials furnished to Adolph Becker for the improvement of the property of said third parties. That in two of said actions, judgment has been rendered against T. B. Hubbard, and he has recovered nothing in either or any of them; and that neither of said judgments is now final.''

As conclusions of law the court found that said deed was intended as and for a mortgage to secure the indebtedness referred to in said cross-complaint, of which there remained unpaid the sum of three thousand dollars, and that cross-complainant is entitled to have said deed foreclosed as a mortgage and the property sold according to law.

Judgment passed for cross-complainant accordingly and the appeal is from this judgment. No motion was made for a new trial.

It is not disputed that the deed of October 9, 1905, was intended as a mortgage. The only question raised at the trial as to the intention of the parties was whether it was given for the sole purpose of securing Hubbard against any liability that might arise upon the indemnity bond given by him for five hundred dollars, or whether it was to secure the indebtedness of Becker to Hubbard and to Hubbard & Carmichael Bros., then due or to become due. Becker testified that the deed was given for the purpose first above mentioned and no other; that he did not read the deed, for he could neither read nor write, except to write his own name, and that it was not read over to him; that it was prepared by attorney Beggs, who was then attorney of both parties. On the other hand, Mr. Beggs testified that while he did not read it to Becker and his wife, he did, however, fully explain to them that the deed was to be given as security covering the indemnity bond and also the claims of Hubbard and Hubbard & Carmichael Bros., to whom Becker was then indebted and with whom he was doing business and expected to incur other indebtedness. It was shown that, subsequently, to wit, on February 12, 1906, Becker and his wife signed a written agreement in which it was stated that the real property was conveyed ''as security for the sums which the parties of the first part (Becker and wife) or either of them may now owe to either the said T. B. Hubbard or Hubbard & Carmichael Bros., it being understood and agreed that the said

T. B. Hubbard shall have a lien upon the said real property for such sums owing to either himself or the said Hubbard & Carmichael Bros.'' There were circumstances shown also which tended to justify the finding of the court upon this issue of fact. The deed was made to T. B. Hubbard as grantee.

The indebtedness claimed by cross-complainant 'was fully shown and consisted of a promissory note and book accounts aggregating a balance of three thousand dollars, as found by the court, including five hundred dollars which Hubbard paid under the indemnity bond.

It appeared by the evidence that certain actions had been commenced by Hubbard to enforce a materialman's lien for materials furnished Becker by Hubbard & Carmichael Bros. in constructing certain buildings and that the deed was intended to include these as well as other claims. It also appeared that in two of these cases judgment was against Hubbard and the third had not reached final judgment.

Appellants' contention is that the commencement of these actions operated as a waiver of the right to foreclose the mortgage on any of the claims intended to be covered by the deed given as a mortgage. (Citing Code Civ. Proc., sec. 726, and *Commercial Bank* v. *Kershner,* 120 Cal. 495, [52 Pac. 548].)

If the foreclosure action, as presented by the amended cross-complaint, had included the claims in the lien actions above referred to and if Hubbard had recovered judgment in the latter actions, appellants' point might find support in the case cited. But the bill of particulars, showing the items of Hubbard's claims, as alleged in the amended cross-complaint, does not include the claims previously included in the actions to enforce certain liens.

As we understand the evidence, the actions commenced to enforce mechanics' liens related to claims omitted from the amended cross-complaint, although they were secured by the deed given as a mortgage. The doctrine discussed in the case cited does not, therefore, apply to the claims now involved. The fact that the deed was given to secure *all* of the Hubbard and Hubbard & Carmichael Bros. claims would not prevent their proceeding to foreclose the mortgage as to claims not involved in any of the actions previously commenced. Furthermore, in two of those actions judgment went against

Hubbard and in the third no final judgment has been rendered.

Appellants say, in concluding their brief: "How the amount of Becker's liability was fixed at three thousand dollars defies all mathematics." The amended cross-complaint asked for a judgment for three thousand dollars. The bill of particulars in support of the claim and testified to by witnesses as showing the balance due from Becker totaled $3,155.45. This justified a finding in favor of cross-complainant for three thousand dollars, which was all he prayed for and probably it was all the court felt authorized to award on the pleadings.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.