## UTAH ASSOCIATION OF CREDIT MEN v. JONES.

No. 2983.   Decided April 26, 1917.   (164 Pac. 1029.)

1. CHATTEL MORTGAGES—WAIVER OF LIEN—CONFESSION OF JUDGMENT. Although Comp. Laws 1907, Section 3498, provides that there can be but one action for the recovery of any debt or enforcement of any right secured by mortgage, which action must be in accordance with the chapter, a chattel mortgagee did not waive his right to a lien by selling the property under a power in the mortgage after confession of judgment in his favor by the mortgagor, though the confession was not in all things regular.[1]   (Page 523.)

2. BANKRUPTCY—WAIVER OF CHATTEL MORTGAGE LIEN—CONFESSION OF JUDGMENT. Neither the trustee in bankruptcy nor any of the mortgagor's creditors could complain, the mortgagor having consented to the confession, although it was made less than four months prior to the bankruptcy, since it was in accordance with the mortgagee's right under the mortgage.   (Page 525.)

3. BANKRUPTCY—PREFERENCES—WHAT CONSTITUTES. Nor would such confession of judgment and sale of the property constitute a voidable preference.   (Page 526.)

Appeal from District Court, Fourth District; *Hon. A. B. Morgan,* Judge.

Action by Utah Association of Credit Men, Trustee in Bankruptcy for A. F. Engberg, against Thomas B. Jones.

Judgment dismissing complaint.   Plaintiff appeals.

AFFIRMED.

*Stephens and Smith* for appellant.

*Elias Hanson* for respondent.

FRICK, C. J.

This action was commenced by the plaintiff, as trustee in bankruptcy of the bankrupt estate of one A. F. Engberg, to

---

[1]*Bacon* v. *Raybould,* 4 Utah 357, 10 Pac. 481, 11 Pac. 510; *Boucofski* v. *Jacobsen,* 36 Utah 165, 104 Pac. 117, 26 L. R. A. (N. S.) 898.

recover certain personal property claimed by, and in the possession of, the defendant Jones. The facts are not in dispute. The findings of the court, which fairly reflect the pleadings and the evidence, in substance are:

That on the 27th day of June, 1914, the A. F. Engberg aforesaid was duly adjudged a bankrupt, and that thereafter the plaintiff was duly appointed trustee in bankruptcy of said bankrupt's estate. That the trustee is entitled to the property belonging to said bankrupt's estate. ''That on the 2d day of January, 1914, said A. F. Engberg was indebted to said Thomas B. Jones, defendant herein, in the sum of $1,100, with interest thereon at 10 per cent. per annum since March 12, ˙1913, said indebtedness being evidenced by a promissory note and secured by a chattel mortgage on a certain stock of goods and certain fixtures owned by said Engberg in what was known as the Mission Drug Store at Spanish Fork, Utah County, Utah; said note and mortgage being set out in full in Exhibit A to defendant's answer herein. That said mortgage was duly recorded in the office of the county recorder of Utah County, State of Utah, on October 9, 1913, in volume 92, p. 220, of Chattel Mortgages. That no part of the principal of said note, or any interest ˙thereon, had been paid on said 2d day of January, 1914. That Engberg was in default in his payment upon said note. That defendant duly demanded of said Engberg the payment of said note, and it was thereupon agreed between said Engberg and defendant that it would be cheaper for said Engberg to confess judgment for said debt and permit judgment to be entered and execution to issue thereon, rather than to foreclose the chattel mortgage which secured said debt. That on said 2d day of January, 1914, said Engberg confessed judgment in the District Court in and for Utah County, State of Utah, in favor of defendant, for the sum then due on said debt which was secured by said note and mortgage, a true copy of said confession of judgment is attached to defendant's answer herein as Exhibit A. That thereafter execution was regularly issued upon said judgment, that a levy of execution was made by the sheriff of Utah County upon the very goods and fixtures owned by said Engberg in what was known as the Mission Drug Store at Spanish

Fork, Utah, being the same goods and fixtures as were covered by the lien of said chattel mortgage. That the sale of said merchandise and fixtures under said execution was noticed regularly for January 15, 1915, and the said merchandise and fixtures were upon said day sold under said execution for the use and benefit of defendant, and that defendant received, as the proceeds of said sale, the sum of $500. That said confession of judgment and the judgment thereon has never been vacated or discharged, and that the said A. F. Engberg, defendant herein, did not, at least five days before such sale, vacate or discharge said judgment. That on said 15th day of January, 1914, and within four months before the filing of the petition in bankruptcy, above set forth, the said A. F. Engberg was insolvent, and that said defendant then had reasonable cause of belief that the enforcement of said judgment, by said sale, would enable the defendant to receive a greater percentage of his debt than any other creditors of said A. F. Engberg of the said class. That the assets of said estate are insufficient to pay creditors in full. That previous to the commencement of this action plaintiff duly demanded of the defendant the payment of said sum of $500, which the defendant has refused and neglected to do. That at the trial of said cause, after the introduction of evidence on the part of plaintiff, and after plaintiff had rested its case, it was stipulated by and between the plaintiff and the defendant herein that if the court decided that the confession of judgment, as filed by said Engberg, and as set out in the pleadings herein, was a waiver of the security under the chattel mortgage described above in the fourth finding of fact and set out in full in Exhibit A to defendant's answer herein, then in that event judgment in this cause should be entered for the plaintiff, but if the court decided contrarywise, then judgment should be entered for the defendant.''

As conclusions of law the court found as follows:

"That said confession of judgment hereinbefore particularly described did not constitute a waiver of the lien under the chattel mortgage held by defendant as above described. That defendant is entitled to judgment against the plaintiff of dis-

missal of said cause, and defendant is entitled to its costs herein incurred or expended.''

The confession of judgment, so far as material here, reads as follows:

''I, A. F. Engberg, of Spanish Fork, Utah County, State of Utah, do hereby confess judgment herein in favor of Thomas B. Jones, of Spanish Fork, Utah County, State of Utah, for the sum of $1,100, lawful money of the United States of America, and authorize judgment to be entered therefor against me with interest thereon from and after July 1, 1913, and for all costs of docketing, filing, and satisfying said judgment. This confession of judgment is for a debt justly due and owing to the said Thomas B. Jones, arising upon the following facts, to wit: On March 12, 1913, I, the said A. F. Engberg, borrowed the sum of $1,100 from Thomas B. Jones, and gave as evidence of said indebtedness my promissory note secured by a chattel mortgage, of which the following is a copy, and the said mortgage also contained a copy of the promissory note which I made, executed, and delivered to said Thomas B. Jones, the same being as follows, to wit: [A copy of the chattel mortgage and a copy of the note secured thereby are set forth in full in the confession of judgment. The mortgage is dated September 25, 1913, and the note March 12, 1913. The mortgagee was given the power to sell the mortgaged property upon default of payment at public auction].''

The confession of judgment concludes as follows:

''Said chattel mortgage aforesaid was duly executed and acknowledged so as to entitle the same to be recorded and the same was duly recorded in the office of the county recorder of Utah County, State of Utah, on October 9, 1913, in volume 92, p. 220, of Chattel Mortgages. That the interest on said note has been paid up to July 1, 1913, but not thereafter. That the said Thomas B. Jones has demanded the interest paid which is due, and the same has not been paid and the said Thomas B. Jones thereafter and heretofor has declared that because the said interest was not paid as agreed the whole sum, both principal and interest, should be paid. It is understood by said A. F. Engberg that this confession of judgment does not

cause said Thomas B. Jones to waive any rights that he may have under his said mortgage and mortgages aforesaid, but said Thomas B. Jones shall retain all of the said rights he would have had if he had brought a proceeding in foreclosure or other action authorized in said chattel mortgage aforesaid. A. F. Engberg further says that no part of said $1,100, or the interest thereon from and after July 1, 1913, has been paid, and the same is now due and payable.''

The confession was duly verified. The District Court entered judgment dismissing the complaint, and the plaintiff appeals.

Counsel for appellant, in their brief, state the propositions to be decided thus:

''Did the defendant and respondent, by taking the confession of judgment of Engberg, waive the lien of the mortgage? Did the defendant, by the levy of an execution upon and sale of the property described in the chattel mortgage, waive the lien of the chattel mortgage? We submit that both questions should be answered in the affirmative.''

We have a statute (Comp. Laws 1907, Section 3498) which provides:

''There can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate . or personal property, which action must be in accordance with the provisions of this chapter.''

It is contended, therefore, that, inasmuch as the confession of judgment was made within four months of the time that the petition in bankruptcy was filed, upon which Engberg was adjudged a bankrupt, Jones not only did not gain anything from the confession, but lost his rights under the chattel mortgage by selling the property as appears in the foregoing statement. California has a statute from which ours was taken, and it has been held by the Supreme Court of California in the following cases that only one action is permitted upon any debt secured by mortgage under that statute: *Merced Bank* v. *Casaccia,* 103 Cal. 641, 37 Pac. 648; *Commercial Bank* v. *Kershner,* 120 Cal. 495, 52 Pac. 848. Other California cases are referred to in those cases. The Territorial Supreme Court of Utah, in *Bacon* v. *Raybould,* 4

Utah 357, 10 Pac. 481, 11 Pac. 510, followed the California rule. This court has also recognized the doctrine in the case of *Boucofski* v. *Jacobsen*, 36 Utah 165, 104 Pac. 117, 26 L. R. A. (N. S.) 898. The record in this case, however, shows beyond dispute (if we may call the confession of judgment an action, as appellant's counsel insist it is) that the defendant commenced but one action. Counsel, however, contend that the confession of judgment was not the action contemplated by Section 3498, *supra*. No claim of fraud or want of good faith is made. If we treat the confession of judgment as an action, as counsel do, what was the nature of the action? True, the confession of judgment does not contain all that is usually found in a complaint and judgment to foreclose a mortgage. Yet, in view that the chattel mortgage and the note secured thereby, together with other facts were fully set forth, it was made clear that all that was sought to be accomplished by the action was to obtain legal authority to sell the mortgaged property for the sole purpose of satisfying the debt evidenced by the note to secure which the chattel mortgage was executed. It would seem, therefore, that about all that could have been accomplished by any action was actually accomplished by the confession of judgment. In this connection it must be remembered that our Constitution (Article 8, Section 19) provides:

"There shall be but one form of civil action, and law and equity may be administered in the same action."

While it is quite true that legal relief must always be distinguished from purely equitable relief, yet no particular form of action or proceeding is either necessary or required in order to obtain relief from the courts of this state in case they have jurisdiction of the subject-matter. What we mean is, that it is the substance and not the form of things that controls. While, therefore, the proceedings relating to the confession of judgment did not conform to the ordinary action in equity to foreclose a mortgage, yet, in what way does the fact that they did not so conform affect appellant's rights in the premises? It is conceded that the defendant had a valid chattel mortgage which was a first lien on the personal property in question. It cannot be disputed that the defendant

Jones, under our statute (Comp. Laws 1907, Section 152), had a right either to foreclose his mortgage by an action in equity or to advertise and sell the mortgaged property' at public auction as provided by our statute in all cases where, as in the case at bar, power to sell is given in the mortgage. If the mortgage thus had been regularly foreclosed in equity the property would have been sold either upon an order of sale made by the court or as upon execution, and in either event it would have been sold precisely in the manner it was sold under the confession of judgment. Wherein is the appellant harmed, therefore, because the defendant did not commence and prosecute a more formal action and obtain the same result or relief in a more formal manner? No doubt the mortgagor could have prevented the mortgagee from proceeding in the manner he did, but in this case the mortgagor consented to the very method pursued by the mortgagee. The mortgagor and the mortgagee could agree upon the manner of sale, and, if the property was sold pursuant to the agreement at a fair price, no one, not even one who claimed a subsequent lien upon the property, could legally object. Jones on Chattel Mortgages (5th Ed.) Sections 456-709.

. Nor has the plaintiff any right to complain unless the provisions of the Bankruptcy Act, under which it claims, have in some way been violated by the mortgagor and mortgagee. The question, therefore, recurs, In what way has either Jones or Engberg violated any of the provisions of Section 3498, *supra,* or of the federal Bankruptcy Act? True, the confession of judgment may have been very informal, as well as grossly irregular, when viewed as a foreclosure proceeding; but in view that the only one who had a right to complain consented to the proceeding in that form, and also consented to the sale of the mortgaged property in the manner it was sold, we cannot see how the appellant can complain. Moreover, section 3498, as pointed out by the Supreme Court of California, was adopted for the protection of the mortgagor. It may also have been, in a measure at least, for the protection of those who have, or claim, some specific lien upon the mortgaged property; but the statute certainly was not intended to give those who neither have

nor claim to have any specific rights in or to the property the right to object. In the case of *Merced Bank* v. *Casaccia, supra,* the Supreme Court of California, in referring to the purpose of the statute, says:

"The obvious purpose of Section 726 * * * is to compel one who has taken a special lien to secure his debt to exhaust his security before having recourse to the general assets of the debtor."

In a subsequent case (*Commercial Bank* v. *Kershner,* 120 Cal. 495, 52 Pac. 848), in answering an argument of counsel, the court said:

"The simple answer is found in the statute and in its reason and policy, which are to prevent multiplicity of suits and the attendant annoyance and additional cost to the debtor."

Now, in what way have the policy and purpose of section 3498, as explained by the California Supreme Court, been transgressed in this case? In view that there were no other liens on the property in question, why should not Mr. Jones, the mortgagee, and Mr. Engberg, the mortgagor, agree on some method of sale whereby all unnecessary costs and expenses should be eliminated? That is just what was done by the confession of judgment and the sale of the mortgaged property.

Counsel for appellant, however, insist that, in selling the mortgaged property under execution, the defendant waived his rights under the mortgage, and, in view that the confession of judgment was made less than four months before the filing of the petition in bankruptcy, the confession constituted a preference which is prohibited by the Bankruptcy Act. In support of the contention that the defendant Jones waived his rights under the mortgage, counsel, among other cases, cite *Evans* v. *Warren,* 122 Mass. 303, *Dix* v. *Smith,* 9 Okl. 124, 60 Pac. 303, 50 L. R. A. 714, *Whitney* v. *Farrar,* 51 Me. 418, and *Dyckman* v. *Sevatson,* 39 Minn. 132, 39 N. W. 73. *Evans* v. *Warren, supra,* is, perhaps, the leading case upon the subject. At all events that case is referred to not only by the courts which support the Massachusetts doctrine, but also by those who refuse to follow the same. The decision in the Massachusetts case is squarely based

upon the doctrine that at common law the title to the chattels passed to the mortgagee with the right of the mortgagor to redeem. In view of that fact it is held there was no interest in the property remaining in the mortgagor upon which to levy an execution, and hence the mortgagee, in levying the execution, was necessarily required to recognize the title of the property as being in the mortgagor, and hence the mortgagor necessarily waived his rights under the mortgage. As is well said by the Supreme Court of Indiana in the case of *Byram* v. *Stout,* 127 Ind. 195, 26 N. E. 687, in referring to the authorities which follow the Massachusetts rule, "These authorities, however, depend upon a mere technicality, and not upon any principle of equity." Moreover, our statute (Comp. Laws 1907, section 157) expressly provides that both attachments and executions may be levied on property covered by chattle mortgages, subject, however, to the lien of the mortgagee. Under our statute all that the mortgagee acquires is a lien. Where statutes like ours are in force courts have uniformly refused to follow the doctrine laid down by the Massachusetts court in *Evans* v. *Warren, supra,* and it is universally held that the mortgagee does not waive his rights under the mortgage by either attaching or levying an execution on the mortgaged property. The following well-considered cases will be found directly in point: *Byram* v. *Stout, supra; First National Bank* v. *Johnson,* 68 Neb. 641, 94 N. W. 837, 4 Ann. Cas. 485; *Thurber* v. *Jewett,* 3 Mich. 295, *Cottingham* v. *Springer,* 88 Ill. 90; *Barchard* v. *Kohn,* 157 Ill. 579, 41 N. E. 902, 29 L. R. A. 803; *Howard & Co.* v. *Parks,* 1 Tex. Civ. App. 603, 21 S. W. 269. In the case of *First National Bank* v. *Johnson, supra,* the mortgagee caused an attachment to be levied on the mortgaged property, and the trustee in bankruptcy then brought an action to recover the mortgaged property, as in the case at bar, claiming that the rights under the mortgage had been waived by levying the attachment. The Supreme Court of Nebraska, however, held that the mortgage lien was not waived, and that the mortgagee's rights were superior to those of the trustee in bankruptcy. The holdings in the other cases cited are to the same effect.

Neither can we see any good reason for holding that a valid and subsisting lien created by mortgage is waived by a sale of the property upon execution; and especially where, as here, the right to the lien is expressly reserved and the property is sold to satisfy the mortgage lien and nothing else. True, the mortgagor might, perhaps, have objected; but why could he not also waive his right of objection and consent to the method pursued? And so long as no other lien, or rights in the property are prejudicially affected, why should any one be permitted to object upon purely technical grounds?

In our opinion the judgment dismissing the complaint is clearly right, and should be affirmed. Such is the order. Defendant to recover costs.

McCARTY and CORFMAN, JJ., concur.