46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re PAJARO DUNES RENTAL AGENCY, INC., a California
Corporation, dba Monterey Bay Caterers, Debtor.
Laurence L. SPITTERS, Trustee for Eight Irrevocable Trusts
of Children of Laurence L. Spitters, and Laurence
Spitters, an Individual, Plaintiff-Appellant,
v.
PAJARO DUNES RENTAL AGENCY, INC., Defendant-Appellee.
 No. 93-16180.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Dec. 15, 1994.
Decided: Jan. 12, 1995.
 
 Before: HUG, CANBY and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Spitters loaned $1 million to Pajaro Dunes and HB&K. The Kelleys, who owned all the stock of HB&K, gave a deed of trust to Spitters on real estate they owned, to secure the note. The money was used to build an office building on the land which was the subject of the deed of trust. After the note went into default, the Kelleys transferred the real estate to Pajaro Dunes. Spitters sued Pajaro Dunes, HB&K, and the Kelleys in state court to foreclose on the deed of trust and to recover on the note.
 
 
 3
 Before the state action had proceeded to judgment, Pajaro Dunes filed its Chapter 11 bankruptcy petition. Spitters then stipulated with HB&K and the Kelleys for a money judgment against them in the state court action. Spitters did not collect the money owed. Pajaro Dunes won a declaration in bankruptcy court quieting title in its favor to the real estate. We affirm, because of the California one-action rule.
 
 
 4
 Our review is de novo. In re Weisman, 5 F.3d 417, 419 (9th Cir. 1994). We apply California law. United States Fidelity & Guaranty Co. v. Anderson Constr. Co., 260 F.2d 172, 176 (9th Cir. 1958).
 
 
 5
 Section 726(a) states that "[t]here can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property ...." Pursuant to this statute, a secured creditor must "proceed against the security before enforcing the underlying debt." Security Pacific Nat'l Bank v. Wozab, 800 P.2d 557, 561 (Cal. 1990). "[T]he one-action rule applies to all notes secured by deeds of trust in California, without regard to whether the mortgagor and the debtor are one and the same." Pacific Valley Bank v. Schwenke, 234 Cal. Rptr. 298, 303 (Cal. App. 1987).
 
 
 6
 When a secured creditor obtains judgment on the debt before foreclosing the security, he is deemed to have waived the security. Wozab, 800 P.2d at 563. This is the "sanction" aspect of Section 726. Walker v. Community Bank, 518 P.2d 329, 332 (Cal. 1974). The sanction aspect of Section 726 can be asserted by a co-maker of the note even if he is not a party to the deed of trust securing the debt. Schwenke, 234 Cal. Rptr. at 299.
 
 
 7
 Under these authorities, Spitters lost the security as a "sanction" because he took a money judgment before exhausting the security. He attempts to distinguish the one-action rule because no party was prejudiced by his having taken the money judgment. But he has found no authority, nor have we, for any requirement of prejudice. Although he argues that prejudice could be found in cases decided against creditors in analogous situations, in none of them did the California court base its decision on prejudice. Spitters argues that Wozab shows California is becoming less protective of debtors. But Wozab says nothing about a requirement of prejudice, and no propositions in Wozab imply a requirement of prejudice. We are not free to adopt Spitters' policy arguments, because California law is to the contrary.
 
 
 8
 Spitters argues that Williams v. Reed, 307 P.2d 353 (Cal. 1957), holds that one co-maker cannot take advantage of the one-action rule because of a money judgment taken only against the other co-maker. The question is not entirely without doubt, but we think the more accurate reading of Williams is to the contrary. The California Supreme Court took pains in that case to note that the judgment at issue was on a separate agreement, not the note. Id. at 358.
 
 
 9
 Spitters argues that under O'Neil v. General Security Corp., 5 Cal. Rptr.2d 712 (Cal. App. 1992), the sanction of the one-action rule applies only in favor of the parties against whom the money judgment was taken. Pajaro Dunes owns the property, yet is not burdened by the money judgment against the Kelleys, from whom it took title, so Spitters urges that Pajaro Dunes should not have the benefit of the one-action rule. We cannot find the proposition urged by Spitters in O'Neil. It says that the sanction operates for the benefit "of both the primary debtor and third parties claiming an interest in the property ...." Id. at 718. California law establishes that the sanction aspect of the one-action rule "takes effect regardless of whether the waived security is owned by the debtor or his successor in interest." Walker, 518 P.2d at 336. Pajaro Dunes is the debtor, and also the successor in interest to the real estate which secured the debt.
 
 
 10
 Spitters next argues that the general rule releasing a surety if the promisee does not proceed first against the principal entitles Spitters to relief from the one-action rule. This case does not appear to involve a surety. Even if it did, the proposition urged by Spitters was rejected by Commercial Bank v. Kershner, 52 P. 848 (Cal. 1898). That case holds that a surety in California is "charged with knowledge" of the one-action rule. Id. at 850.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3