## HYRUP v. HYRUP

No. 4527.   Decided September 8, 1927.   (259 P. 925.)

*D. M. Draper,* of Salt Lake City, for appellant.

*A. A. Duncan,* of Salt Lake City, for respondent.

CHERRY, J.

The plaintiff commenced this action to recover separate maintenance from her husband, Andrew S. Hyrup. Certain other persons to whom the husband had sold or contracted to sell tracts of real property were joined as defendants, but demurrers interposed by them to the plaintiff's complaint were sustained. The defendant, Andrew S. Hyrup, answered plaintiff's complaint by denying its material allegations, and by way of counterclaim sought a decree of divorce from the plaintiff upon the grounds of desertion. The plaintiff, by her reply, put in issue the allegations of desertion, and upon the pleadings the case was tried to the court, resulting in a decree of divorce in favor of the defendant upon the ground of desertion. A division of the property of the defendant was decreed whereby the plaintiff was awarded a dwelling house of the value of $3,700 and $800 in money. The remaining property consisting of equities in four tracts of mortgaged real estate which the defendant

had contracted to sell, or had sold to other persons, was awarded to defendant. The title to the tracts of real estate so decreed was quieted in the parties, respectively.

From the decree the plaintiff has appealed. No complaint is made on account of the division of the property, except for the failure of the court to award costs and attorney's fees to the appellant.

There are numerous assignments of error which appellant's counsel, in his brief, has condensed into five questions, as follows.

"(1) Does the complaint, or the amended complaint, state a cause of action?

"(2) Are the vital allegations of the counter-claim res adjudicata?

"(3) Does the evidence support the finding that the defendant deserted plaintiff?

"(4) Should costs and attorney's fees have been allowed?

"(5) Was judgment quieting title to respondent's property properly made?"

The first question is submitted upon the assumption that the demurrer of defendant, Andrew S. Hyrup, to plaintiff's complaint was sustained. The record clearly shows the contrary. Before his demurrer had been determined by the court he filed his answer and counterclaim. Later, according to a minute entry, the court sustained "the defendants' demurred to the plaintiff's complaint." That this had reference to the demurrer of the defendants other than Andrew S. Hyrup is made plain by the subsequent proceedings in which the issue upon the plaintiff's complaint for separate maintenance and the answer thereto were recognized and considered and decided by the court. The amendment to the complaint, which was stricken, did not concern Andrew S. Hyrup at all, but related to the other defendants, and no claim is or can successfully be made that a cause of action was stated, either in the original complaint or in the amendment, against them. Appellant's first question thus presents nothing for decision.

The second question is based upon a prior action for divorce between the parties hereto, which was filed by Andrew S. Hyrup on January 14, 1925, and wherein he alleged extreme cruelty of his wife as grounds for a divorce. A decree in his favor upon the grounds of cruelty was reversed by this court on March 15, 1926. *Hyrup* v. *Hyrup*, 66 Utah 580, 245 P. 335. The present action was commenced March 22, 1926. It is contended that the decision and judgment in the former action is a bar to the present action because it adjudicated essentially the same matters. The contention cannot prevail. The only question decided in the former action was the sufficiency of the evidence to establish cruelty. The question of desertion was not there involved and could not be because the parties had separated only three months before the action was commenced.

The next question, which relates to the sufficiency of the evidence to establish desertion, is not free from difficulty. The plaintiff is 67 years of age, and the defendant is 71. They have been married 47 years. They have no children. Their married life has been uniformly unhappy and discordant. Numerous separations have occurred. The plaintiff testified that she was talked into marrying the defendant on account of religion when she did not care for him, but was engaged to another man. Her dislike for the defendant was not concealed or denied. She entertained a bitter animosity against him on account of some grievance, which she did not make clear, arising out of their church membership and standing. She said she would never live with him. While living in California, the parties in the year 1912, quarreled and separated. An action for divorce was there commenced by the plaintiff, but later dismissed. The parties remained separated, however, until January 20, 1920, when they commenced living together again at Salt Lake City. They did not resume marital relations. Their quarrels were frequent. At one time the plaintiff, after a quarrel, left the home and remained away two months, when she became sick and returned. On

October 27, 1924, after a quarrel, the plaintiff told the defendant to get out, that it was impossible for her to live with him. The defendant left and took up his abode elsewhere. Shortly thereafter the plaintiff wrote letters to the defendant stating:

"You say you are to start the divorce. You are welcome to it. I would never live with you again. I shall not be sorry to be done with you. I have passed through all the hell with you that I want to, and you are not a man but only the imitation of a man, and I have been deprived of what has been my greatest desire on earth, and where is my reward for it. I have no objection to be divorced from you, my life with you has been a hard and bitter one," etc.

Thereafter the husband commenced an action for divorce upon the ground of cruelty. The trial court found in his favor. Upon appeal this court held the evidence insufficient to sustain the findings of cruelty, reversed the judgment and ordered the action dismissed. Within a few days thereafter the plaintiff commenced this action to recover separate maintenance.

From the whole of the testimony concerning the conduct of the plaintiff we think the conclusion is justified that the plaintiff intended to and did bring the cohabitation to an end, and that she thereby committed the desertion. *Hudson* v. *Hudson*, 59 Fla. 529, 51 So. 857, 29 L. R. A. (N. S.) 614, 138 Am. St. Rep. 141, 21 Ann. Cas. 278. And we further think the evidence was sufficient to show that any effort on the part of the defendant to induce his wife to again live with him would have been unavailing, in which circumstances he is excused from making such effort.

We thus conclude that the evidence was sufficient to support the finding of desertion of the defendant by the plaintiff, as found by the trial court.

The complaint that no costs or attorney's fees were allowed plaintiff is without substance. The evidence was that the defendant was worth about $10,000, and that he had no substantial earning power. Nearly

one-half of his property was awarded to the plaintiff, included in which was $800 in money. This allowance of money was sufficient to include costs and attorney's fees, as the trial court must have intended, as no sum for costs and attorney's fees was separately ordered paid.

The final point made is that the trial court had no power to quiet the title of the respective parties in and to the property awarded to them, respectively by the decree. In so doing the court merely did what was incidental and proper to the awarding and division of the property. When the marriage was dissolved and the property divided, it followed as a matter of course that neither had any interest or estate in the property awarded to the other, and for the court to so provide in its decree is certainly not error.

The decree is affirmed.

THURMAN, C. J., and STRAUP, GIDEON, and HANSEN, JJ., concur.