## LARSEN v. DAYNES.

No. 6395. Decided February 20, 1942. (122 P. 2d 429.)

See 19 Am. Jur., 59; 20 R. C. L. 760 (7 Perm. Supp. 4956); 27 C. J. S., Divorce, sec. 180.

For opinion on rehearing, see 102 Utah 312, 133 P. 2d 785.

*Paul E. Reimann,* of Salt Lake City, for appellant.

*Soule & Spalding,* of Salt Lake City, for respondent.

LARSON, Justice.

The only question presented on this appeal involves the action of the court in sustaining a general demurrer to plaintiff's complaint. The complaint indicates the following factual situation:

That after plaintiff acquired the property involved in this action he intermarried with defendant; that in February, 1940, plaintiff was awarded a decree of divorce from defendant, which decree became final August 27, 1940; that the decree of divorce provided:

"And it is also further ordered, adjudged and decreed, that plaintiff be, and he is hereby awarded immediate and exclusive possession of all lands hereinafter described, exclusive of those portions on which buildings are erected, and that on and after April 1, 1940, the plaintiff shall have the sole and exclusive possession of all of his real estate hereinafter described, including the home and all buildings and improvements thereon, and that defendant shall surrender possession thereof and each and every part and portion thereof to plaintiff on April 1, 1940, without committing waste; and that plaintiff be, and he is hereby granted from and after said date the sole and exclusive possession of all of his said real property including all improvements

thereon and all of the rents, issues, profits, crops and income therefrom during the remainder of his natural life; and that in the event defendant shall survive the plaintiff, upon his death the defendant shall have an undivided one-third interest in fee in and to said real estate of plaintiff, which real estate with all buildings, improvements, and fixtures, is situated in Salt Lake County, State of Utah, and more particularly described as follows:

\* \* \*

"Provided, that nothing herein contained shall be construed to prevent the plaintiff and defendant from entering into an agreement for the computation of the value of the expectancy of defendant should she survive the plaintiff, and for the partition of said property accordingly at any time to fix definitely and immediately the interests of the respective parties; nor shall anything contained herein be construed to prevent either party from bringing an action for judicial determination of said interests and for partition of said property accordingly; and provided further, that if no such proceedings are instituted, in the event defendant shall predecease the plaintiff, her interests in said real estate shall automatically terminate upon her death."

That defendant refused to sell to plaintiff her contingent expectancy or contingent future interest in the real property of plaintiff, as given her by the part of the decree quoted; and plaintiff alleges it would be equitable to have an adjudication of the property matters either: (a) By determining the value of defendant's contingent future interest and deducting therefrom the value of the rents, profits and usufruct of said third interest during plaintiff's life expectancy, and upon payment to defendant of the remainder all her contingent interests in the property are to cease and terminate; or (b) by setting aside by metes and bounds a one-third value of the property to which defendant's interest should attach if she survived plaintiff, the remaining two-thirds in value to be presently discharged and freed from all claims of defendant by virtue of any rights granted by the divorce decree. Plaintiff prayed for judgment accordingly. Two questions are presented by the ruling on the demurrer. (1) Does the complaint state a cause of action in partition? (2) If not, does it state a

cause of action for equitable relief? We will note them in order.

1. Partition in this state is a statutory action. The right to partition and the relief that can be administered are prescribed and fixed by Chapter 58, of Title 104, R. S. U. 1933. Section 104-58-1 provides that an action in partition may be brought by one co-tenant against his joint tenant or tenant in common. It does not lie against others. It only lies for a partition of the title or a partition of the use. For a partition in title there must be a presently existing title in both; for a partition in use there must be a present use, or right to present use, in both. Otherwise there is nothing to partition, and nothing that can be given to each to the exclusion of the other. Partition cannot lie to sever estates, either in title or use, which are not co-existent. A title or use which does not come into being or active existence until the termination of another title or use, cannot be severed or partitioned from such other because it has no present existence. It cannot take from, diminish or affect the former estate, or the rights which may be exercised under it. It has no existence until the complete termination of the former estate.

The complaint in the instant case does not allege that plaintiff and defendant are either joint tenants or tenants in common. It does not allege facts showing they are co-tenants in any way, form or class. It affirmatively alleges that defendant's rights were contingent and "in futuro." They are not now existent, enforceable legal rights. Her rights or interests have no unity of title, no unity of possession, no unity of time, or unity of interest, the four characteristics of joint tenancy. *Equitable Life Assur. Soc.* v. *Weightman,* 61 Okl. 106, 160 P. 629, L. R. A. 1917B, 1210; *Wilken* v. *Young,* 144 Ind. 1, 41 N. E. 68, 590, 55 Am. St. Rep. 162; 14 Am. Jur. 81. In other words, joint tenants must have one and the same interest; these must commence at one and the same time, and accrue by one and the same conveyance; and the property must be held by one and the

same undivided possession. *Deslauriers* v. *Senesac*, 331 Ill. 437, 163 N. E. 327, 62 A. L. R. 511; *Farr* v. *Grand Lodge, A. O. U. W.*, 83 Wis. 446, 53 N. W. 738, 18 L. R. A. 249, 35 Am. St. Rep.73; Annotation L. R. A. 1917C, 571. It is evident the parties are not joint tenants. Are they tenants in common? A tenancy in common is that character of tenancy whereby two or more persons are entitled to land in such manner that they have an undivided possession but several freeholds. *Stevens* v. *Reynolds*, 143 Ind. 467, 41 N. E. 931, 52 Am. St. Rep. 422. It is characterized by a required single unity—that of possession. If such unity exists the other unities need not exist, but without such unity there is no tenancy in common. *Earp* v. *Mid-continent Petroleum Corporation*, 167 Okl. 86, 27 P. 2d 855, 91 A. L. R. 188. Since the complaint affirmatively pleads and shows that defendant had no right of possession at the commencement of this action, and would have none until after the termination of plaintiff's title and possession, the cause has not been brought within the partition statute, and the complaint does not state a cause of action in partition.

2. Does the complaint state a cause of action for equitable relief under the general equity powers of ▮ the court?

Courts of chancery act only upon equitable causes, in which there is no adequate legal remedy. And to invoke the equitable jurisdiction of the court one must allege legal obligations, and the equities which make legal remedies inadequate. Equity has no jurisdiction over imperfect obligations resting upon conscience and moral duty only. *Rees* v. *City of Watertown*, 19 Wall. 107, 22 L. Ed. 72. A chancery court may not assume power to administer justice because of the hardship of a case or the failure of the party's remedy at law. *Heine* v. *Levee Com'rs*, 19 Wall. 655, 22 L. Ed. 223; *Re Interborough Consol. Corp.*, 2 Cir., 288 F. 334, 32 A. L. R. 932. It will not relieve parties from bargains because they are hard, oppressive, or unprofitable. *Manufacturers' Finance Co.* v. *McKey*, 294 U. S. 442, 55 S. Ct.

444, 79 L. Ed. 982. And where a complainant seeks relief from a harmful or prejudicial situation in which he is placed, the action of the court depends primarily on whether he could have foreseen and averted the situation of which he complains. 19 Am. Jur. 59. Annotation, 5 L. R. A., N. S., 799. A party to a transaction, the result or consequence of which is to place him in a harmful or prejudicial situation, may claim relief from a court of chancery on a showing that the situation is the consequence of accident, mistake, surprise, duress, oppression, undue influence, imposition, fraud, concealment, or conduct which gives rise to estoppel or is inequitable and against conscience by which one obtains an improper advantage.

But in this case plaintiff alleges no such words, acts or conduct. No claim is made that defendant's position, or defendant's interest in the property, was obtained by any of these means, or by any act of the defendant. It does appear her rights are founded upon a court decree, of which plaintiff had full knowledge and in which action he was a party. No appeal was taken from that decree. There is no allegation that plaintiff or his rights under the decree are damaged, harmed, or interfered with by defendant; or that defendant does or threatens to do any act against or detrimental to plaintiff. The only act alleged against defendant is that she refuses to sell her interests at plaintiff's price. That has never been held a ground for equitable action, except as it may enter into a condemnation suit. The complaint does not state a cause of action in equity.

Appellant contends that even though it be held that no right exists at common law or under the statute, he nevertheless has a right to maintain this action by virtue of that part of the decree quoted in the opinion. The decree does not, in expression or by intendment, grant the right asserted by appellant.

The judgment is affirmed. Costs to respondent.

McDONOUGH, J., concurs.

WOLFE, Justice (concurring).

I concur on the ground that plaintiff and defendant do not in the situation presented by this case hold and are not in possession as joint tenants or tenants in common under Section 104-58-1, R. S. U. 1933, although the plaintiff has an estate of inheritance in the land subject to be divested as to one third by the defendant surviving him. More I deem on this phase of the case unnecessary to say.

While I am not prepared to say that there are not some jurisdictions which under certain circumstances would permit resort to equity to sever the contingent interest of the defendant from the interest of plaintiff by appraising the present value thereof and requiring payment to the owner of the inchoate title, yet no circumstances have been set up in this case which would provoke the interposition of equity in any jurisdiction. Hence, I concur as to that part of the opinion which holds that the plaintiff is not entitled to equitable relief. For these reasons I concur in the decision.

PRATT, Justice (concurring).

I am of the opinion that the complaint as it now stands does not state a cause of action. As I view the matter, the court in the divorce action had this thought in mind: Circumstances as to these parties may change to the extent that it would be inequitable for them to keep their interests as originally adjudicated; and if those circumstances do so change, nothing in the divorce decree shall prevent a separation of those interests either by agreement or by suit instituted by either party. The complaint has no allegation of a change in circumstances.

MOFFAT, Chief Justice (dissenting).

I dissent. In view of the order made by the District Court in the divorce proceedings, I am of the opinion the complaint does state a cause of action and the suit might be brought in equity.