## LARSEN v. DAYNES.

No. 6395.   Decided February 3, 1943.   (133 P. 2d 785.)

For former opinion, see 102 Utah 305, 122 P. 2d 429.

*Paul E. Reimann* and *R. S. Johnson*, both of Salt Lake City, for appellant.

*Soule & Spalding*, of Salt Lake City, for respondent.

MOFFAT, Jusice.

This cause was decided and reported in 102 Utah ..., 122 P. 2d 429. Upon petition for rehearing the court was persuaded the matter should be re-examined. Accordingly, the cause was reargued and briefs submitted. The only question presented by the appeal is whether the complaint states a cause of action. The trial court sustained a general demurrer and dismissed the action upon the ground the complaint did not state facts sufficient to entitle plaintiff to any relief. We limit this discussion to the question: Does the complaint state a cause of action?

As is often the case, we get lost in the details of a lengthy pleading. Then there is often a background discernible and necessary to be considered which may not be specifically or clearly asserted. The complaint in this case contains sixteen paragraphs, most of them lengthy. Out of the facts stated and those necessarily implied from what is stated, we get the picture: The plaintiff and defendant had been married and divorced. The divorce part of the decree had become final. Neither party is young. Their life's expectancy is uncertain. Plaintiff in this action was plaintiff in the divorce action. He seeks relief because of an attempted but incomplete adjudication of property rights in the divorce action, and, further, because of that incompleteness, the trial court in that action provided in the event of failure to agree upon values or division that an action might be brought to effect such result.

Plaintiff is the owner of a described tract of land, "containing approximately 10.6 acres; but subject to deduction for land sold, if any, prior to the date of the commencment" of the divorce action, upon which there was a home and other buildings. Estimated values are alleged, and refusal of defendant to bargain upon the matter.

There is quoted in the complaint part of the divorce decree, to the effect that:

"Plaintiff * * * shall have the sole and exclusive possession of all his real estate * * * and all the rents, issues, crops and income

\* \* \* and that in the event defendant shall survive the plaintiff \* \* \* defendant shall have an undivided one-third interest in fee" in the property described. "Provided, that nothing herein contained shall be construed to prevent the plaintiff and defendant from entering into an agreement for the computation of the value of the expectancy of defendant \* \* \* for partition of said property at any time to fix definitely and immediately the interests of the respective parties; nor shall anything contained herein be construed to prevent either party from bringing an action for judicial determination of said interests and for partition of said property."

It is apparent that the decree of the court expected a present or an early settlement between the parties or a determination by a further proceeding in court, such as this proceeding, because it is provided that, "if no such proceedings are instituted," the interests in favor of ▮▮ defendant in "the real estate shall automatically terminate upon her death." Whatever that contingent interest, plaintiff alleges "that defendant has refused to negotiate with plaintiff for determination of the value of the contingent expectancy or contingent future interest." Except by negotiation, which defendant refuses to entertain, or court relief, plaintiff's property is a frozen asset, and only his heirs may know what it is if plaintiff shall die first of the two parties. As the property is now limited by the decree, the only things that are not subject to contingency are "possession, rents, issues and crops." Any sale, transfer or mortgage by plaintiff would have to be subject to the future contingencies. The decree in the divorce proceeding left open two ways for determination: One by the parties, and one by the court. The court retained the cause in the event the parties failed to agree, and if neither course were pursued, the matter might remain as the court left it until subsequent events might unravel the complicated situation.

"When a decree of divorce is made the court may make such orders in relation to the children, property and parties \* \* \* as may be equitable \* \* \*. Such subsequent changes or new orders may be made by the court with respect to \* \* \* the distribution of property as shall be reasonable and proper." Sec. 40-3-5, R. S. U. 1933.

Under this statute, the trial court by the decree in the divorce action held the matter open to entertain a motion for a proper adjustment of property interests referred to in the decree, upon a showing that the defendant refused to negotiate.

In this action the plaintiff has not used the words "that he has no adequate remedy at law," yet it is alleged "that it would be equitable to have an adjudication of the property matters." Certain methods are suggested. It is implicit in the allegations made that plaintiff's hands are tied as to any disposition of his property. The allegations show that although he now owns the fee to all the property, subject to his heirs being divested of a one-third interest should he die before defendant, during his life-time the whole is entangled in a contingency from which he cannot relieve himself without the aid of the court.

"There shall be but one form of civil action, and law and equity may be administered in the same action." Const. of Utah, Art. 8, Sec. 19.

No particular form of action or proceeding is either necessary or required to set in motion the processes of the court when the parties are before it and the court has jurisdiction of the subject matter. It is the substance and not the form that controls. *Utah Association of Credit Men* v. *Jones,* 49 Utah 519, 164 P. 1029.

The court has power to partition, sell or settle the respective property rights of persons interested in real property. Sec. 104-58-1 et seq., R. S. U. 1933. If the complaint is ambiguous, uncertain or lacking in certain particulars, a special demurrer or demand for particulars would no doubt supply all that is needed.

The trial court in the divorce proceeding could have made or in this action may make a partition or division of the property and quiet title in the respective parts of the property and thereby finish the controversy. *Hyrup* v. *Hyrup,* 70 Utah 274, 259 P. 925. Instead, it appears the court thought an agreement between the parties

could be reached, but, if not, application could then be made to the court to make the determination for them. The court having retained jurisdiction of the subject matter and both parties being before it, the task left unfinished should now upon this application be finished.

Judgment reversed and cause remanded to the trial court with directions to overrule the demurrer and permit the defendant to answer and proceed to hear the cause. Costs to appellant.

LARSON, J., concurs.

WOLFE, Chief Justice (concurring).

The divorce decree is ambiguous as to whether the court intended to reserve jurisdiction of the matter for future resort to it by either party for purposes of segregating their interests. It seems susceptible of that construction. Such interpretation also results in unlocking the property from the awkward situation in which the decree of the court placed it. It is reasonable to believe that the court intended to retain jurisdiction for that purpose. This makes it unnecessary to determine whether equity has jurisdiction or whether there could be partition under Chapter 58 of Title 104 in the absence of divorce decree retaining continuing jurisdiction. On this ground and this ground only I concur.

McDONOUGH, Justice (concurring).

I concur on the ground that the divorce decree granted to defendant the contingent interest therein described, limited by the grant to either party to have the interests thereby created partitioned. While the decree was ineptly worded to effect such result, I am persuaded that our conclusion on this phase of the case on its previous submission was incorrect.

HOYT, District Judge (concurring).

I think our statute on partition was not intended to so circumscribe or restrict the remedy that relief cannot be granted under the facts pleaded in this case. See 47 C. J. 338, § 171, and cases there cited. Why should we hold that one who owns and is in possession of a two-thirds interest in property in fee cannot apply to the courts to partition the property as against one who holds a contingent remainder in the other one-third interest? I think the chancery courts would have granted a partition in such cases and that our statute was not intended to diminish or restrict the right as recognized by the chancery courts. The use and improvement of real estate is too vital to the public welfare to be hampered by rules or restrictions which have no foundation in justice or sound public policy. I think the former opinion of the court in this case failed to follow the legislative mandate found in the Revised Statutes, Sec. 88-2-2, that:

"The statutes * * * and their provisions and all proceedings under them are to be liberally construed with a view to effect the objects of the statutes and to promote justice. Whenever there is any variance between the rules of equity and the rules of common law in reference to the same matter the rules of equity shall prevail."

Also, I think Sections 104-58-2, 104-58-5, and 104-58-8 of the partition statute plainly show that the legislature intended that the remedy of partition as against an owner of a contingent interest in real property should not be denied in a case such as this. I think partition should be granted regardless of whether the court in the divorce case retained jurisdiction of the matter.