Sandra D. **FUNK** and Robert A. **Young**,
**Plaintiffs and Appellants,**

v.

**William R. YOUNG, Defendant
and Respondent.**

**No. 15937.**

Supreme Court of Utah.

March 12, 1979.

David Lloyd of Watkins & Faber, Salt Lake City, for plaintiffs and appellants.

Franklin D. Anderson, Salt Lake City, for defendant and respondent.

STEWART, Justice:

The parties in this case are two brothers and a sister who inherited a house from their mother. Robert A. Young, a plaintiff, inherited a life estate interest in the house subject to his personally residing there and subject to an obligation to repair and maintain the premises and to pay the utilities, taxes and special assessments. The other plaintiff, Sandra D. Funk, and the defendant, William R. Young, were devised the remainder fee estate as co-tenants. Sandra D. Funk and Robert A. Young brought an action in the District Court seeking an order directing the sale of the property and an apportionment of the proceeds under our partition statute, Section 78–39–1, U.C.A.[1] The District Court dismissed the action for

---

1. U.C.A. refers to Utah Code Annotated, 1953, as amended.

failure to state a claim under the statute. We affirm.

Section 78–39–1 states as follows:

When several cotenants hold and are in possession of real property as joint tenants or tenants in common, in which one or more of them have an estate of inheritance, or for life or lives, or for years, an action may be brought by one or more of such persons for a partition thereof according to the respective rights of the persons interested therein, and for a sale of such property or a part thereof, if it appears that a partition cannot be made without great prejudice to the owners.

This Court has not heretofore directly addressed the issue whether a life tenant who joins with a co-tenant in the remainder fee interest has the right of partition or sale under the statute.

This Court has earlier stated that "[p]artition in this state is a statutory action. The right to partition and the relief that can be administered are prescribed and fixed [by statute]. Section 104–58–1 [re-enacted as Section 78–39–1] provides that an action in partition may be brought by one co-tenant against his joint tenant or tenant in common. It does not lie against others."[2]

It is clear under the statute that the life tenant by himself does not have a right to force a sale in lieu of partition since there is no co-tenancy in the life estate.[3] Nor can one of the vested remaindermen compel such a sale since there is no possessory interest in the vested remainderman.[4] The result is not changed by one of the co-tenants who is not in possession joining in a suit with a life tenant who is in possession. The plaintiffs, under the plain meaning of the statute, do not state a claim upon which relief can be granted.

Plaintiffs argue that this Court may, apart from the statute, order a partition pursuant to its general equity powers. That issue was referred to in various opinions in both the first decision and the decision on rehearing in *Larsen v. Daynes*.[5] The issue, however, was not squarely presented, and a majority of the Court did not indicate that equity would provide a remedy for partition in addition to that provided by the statute. No facts have been alleged in the complaint in this action which are sufficient to invoke the equity powers of this Court, and the matter has not been briefed. We therefore decline to pass on the issue of whether Section 78–39–1 provides an exclusive remedy for partition of interests in real property.

Costs to respondent.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

---

2.  *Larsen v. Daynes*, 102 Utah 305, 308, 122 P.2d 429, 430 (1942). On rehearing the result of this case was reversed but on grounds unrelated to the court's interpretation of the partition statute. *Larsen v. Daynes*, 102 Utah 312, 133 P.2d 785 (1943).

3.  See 59 Am.Jur.2d, Partition, Section 169.

4.  See *Eberle v. Gaier*, 89 Ohio 118, 105 N.E. 282 (1913); *Anderson v. Anderson*, 227 Iowa 25, 286 N.W. 446 (1939); *Cales v. Ford*, 126 W.Va. 158, 28 S.E.2d 429 (1943); 68 C.J.S. Partition § 29.

